The STATE of Ohio, Appellee,

v.

ROBERSON, Appellant.

[Cite as *State v. Roberson,* 148 Ohio App.3d 673, 2002-Ohio-4100.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–016.

Decided Aug. 9, 2002.

Charles E. Coulson, Lake County Prosecuting Attorney, and Brian L. Summers, Assistant Prosecuting Attorney, for appellee.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

---

DONALD R. FORD, Judge.

{¶ 1} This appeal stems from a criminal conviction in the Lake County Court of Common Pleas. Appellant, William Z. Roberson, requests the reversal of certain sanctions imposed by the trial court as part of his sentence.

{¶ 2} On November 12, 1997, appellant entered a plea of guilty to the following charges: (1) one count of burglary, in violation of R.C. 2911.12, a felony of the second degree; (2) one count of grand theft of a motor vehicle, in violation of R.C. 2913.02, a felony of the fourth degree; and (3) one count of arson, in violation of R.C. 2909.03, a felony of the fourth degree. After accepting this plea, the trial court sentenced appellant to a definite term of five years on count one, a definite term of one year on count two, and a definite term of one year on count three. The court also held that the terms on counts one and two would run consecutively, and the term on count three would run concurrently with the "count two" term.

{¶ 3} As part of the sentencing judgment, the trial court informed appellant that bad time may be imposed by the Parole Board under R.C. 2967.11 for any "violation" he may commit while in prison. The court further informed him that he could be subject to post-release control following his release from prison.

{¶ 4} On January 15, 1998, appellant filed a timely notice of appeal with this court. Appellant contends in his sole assignment of error that the trial court erred in referring to the possible application of bad-time sanctions under R.C. 2967.11. Specifically, he argues that bad-time is unconstitutional for a number of reasons.

{¶ 5} Our review of recent case law shows that appellant's arguments have already been fully considered. In *State ex rel. Bray v. Russell* (2000), 89 Ohio St.3d 132, 729 N.E.2d 359, the Supreme Court of Ohio declared that R.C. 2967.11, the bad-time statute, was unconstitutional on the basis that it violated the doctrine of separation of powers. See, also, *White v. Konteh* (Mar. 23, 1999), 11th Dist. No. 99–T–0020, 1999 WL 587976; *State v. Henton* (July 28, 2000), 11th Dist. No. 97–L–232, 2000 WL 1041447. Therefore, the trial court's reference to bad time in the sentencing judgment was improper. To this extent, appellant's sole assignment of error has merit.

{¶ 6} As part of his sole assignment, appellant also challenges the constitutionality of the procedure for the imposition of post-release control under R.C. 2967.28. Appellant asserts that this particular statutory scheme is unconsti-

tutional for the following three reasons: (1) the scheme violates his right to due process of law, (2) the scheme violates his right to equal protection under the law, and (3) the imposition of a sanction under the scheme violates the prohibition against double jeopardy.

{¶ 7}  In *State v. Swick* (Dec. 21, 2001), 11th Dist. No. 97–L–254, 2001 WL 1647220, this court rejected each of the foregoing three arguments.  In regard to the due process and equal protection arguments, we disposed of these arguments by citing the recent holding of the Supreme Court of Ohio in *Woods v. Telb* (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.

{¶ 8}  As to the double jeopardy argument, we noted that, as part of its discussion of R.C. 2967.28 in *Woods,* the Supreme Court had emphasized that the imposition of post-release control was considered to be part of the original sentence imposed upon a defendant immediately after his conviction.  Based upon this, we held in *Swick* that if a defendant completes his prison term on the original offense and then commits a new act which constitutes both a new criminal offense and a violation of his post-release control, he can be subject to a new sentence on the new offense and a sanction for the violation.  Under this analysis, the sanction for a post-release violation is not a second penalty for the new act because the sanction is a portion of the sentence imposed upon the defendant for the original offense.

{¶ 9}  In light of *Swick,* all three of appellant's challenges to the constitutionality of R.C. 2967.28 have no merit.  To this extent, appellant's sole assignment of error is not well taken.

{¶ 10}  Pursuant to our holding as to the bad-time issue, the judgment of the trial court is reversed in part, and the matter is remanded for further proceedings consistent with this opinion.  Specifically, upon remand, the trial court shall vacate its prior sentencing judgment and issue a new judgment that does not contain any reference to the imposition of bad time.  In all other respects, the judgment of the trial court is affirmed.

Judgment reversed in part
and affirmed in part.

Judith A. Christley, J., concurs.

William M. O'Neill, P.J., concurs in judgment only.

William M. O'Neill, Presiding Judge, concurring in judgment only.

{¶ 11}  Although I concur in the ultimate judgment reached by the majority, I cannot agree with one aspect of the analysis the majority has adopted in regard to the imposition of post-release control.  In rejecting appellant's double jeopardy

argument, the majority essentially holds that there are no circumstances under which a violation of a criminal defendant's constitutional rights will occur when a sanction for a post-release violation is imposed. With all due respect, I believe that there is one instance when a post-release sanction does constitute a second sentence for one criminal act. As a result, I concur in judgment only.

{¶ 12} In *State v. Hathy* (Apr. 20, 2001), 11th Dist. No. 2000–A–0003, 2001 WL 409503, a panel of this court, including myself, held that a double jeopardy violation does not occur when (1) a defendant is discharged from prison on post-release control without having served his entire sentence on the original offense; (2) while on post-release control, the defendant commits a new act which constitutes both a violation of post-release control and a separate criminal offense; (3) as the sanction for the post-release violation, the defendant is sentenced to a term which is smaller in duration than the time he had remaining on his original sentence; and (4) in a separate criminal action, the defendant is found guilty of committing the new offense and is given a new sentence which is distinct from the post-release sanction. As the basis for this conclusion, we emphasized that the imposition of the two separate penalties was permissible because, under these specific circumstances, the post-release sanction had the same effect as the revocation of parole or probation under the prior laws of this state, i.e., by serving the time imposed under the post-release sanction, the defendant was merely completing the sentence which had been imposed for the original offense.

{¶ 13} On the same day the *Hathy* opinion was released, the identical panel of this court also issued our opinion in *State v. Martello* (Apr. 20, 2001), 11th Dist. No. 2000–A–0026, 2001 WL 409508. The only pertinent factual distinction between *Hathy* and *Martello* was that the defendant in the latter case had completed his entire sentence on the original sentence before he was released on post-release control. Based upon this distinction, we held that the defendant could not be sanctioned twice for the new criminal act:

{¶ 14} "However, this case presents a factual predicate with one significant difference. Appellant had already served his full six-month original sentence prior to violating the terms of his post-release control. Thus, when he was sentenced to an additional ninety-one days, those days cannot be considered a mere reinstatement of a term of his original sentence because he already served his original sentence in its entirety. Instead, we hold that when a defendant is sentenced for a violation of his post-release control, and imposition of the sentence creates a situation where the defendant is forced to serve more than his original sentence, jeopardy attaches and precludes a conviction on [the new criminal act]." *Martello*, 2001 WL 409508, at * 3.

{¶ 15}  In *State v. Swick* (Dec. 21, 2001), 11th Dist. No. 97–L–254, a different panel of this court overturned the *Martello* holding.  To this limited extent, I believe that the *Swick* decision is wrong.  Even if the final judgment on the original offense informed the defendant that he could be subject to a new prison term for a violation of post-release control, that new term constitutes a new sanction for the new criminal act if the defendant has already served his entire original sentence.

{¶ 16}  The instant appeal stems from the final judgment in which appellant was given his original sentence and was informed that he will be subject to post-release control after his release from prison;  therefore, at this juncture of the case, appellant's constitutional rights have not been violated as a result of the imposition of post-release control.  To this extent, I agree that the trial court's judgment must be affirmed in regard to the issue of post-release control.  However, since the majority opinion relies upon the holding in *Swick,* I disagree with the logic employed to dispose of the double jeopardy question.  Therefore, I concur in judgment only.