DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Daniel Holcomb ("Holcomb"), appeals from the denial of a Crim.R. 32 motion to withdraw his guilty plea entered in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Holcomb is presently serving a sentence on two counts of aggravated robbery and one count of aggravated burglary. Holcomb pled guilty in exchange for an agreed sentence of thirteen years on the plea. On November 22, 2002, Holcomb filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, alleging ineffective assistance of counsel stemming from counsel's recommendation that he refuse a plea which would have resulted in a four year prison term. The trial court denied the motion on December 26, 2002.
 {¶ 3} Subsequently, on December 26, 2002, Holcomb moved this court for leave to file a delayed appeal; that motion was denied. Holcomb appealed that ruling to the Supreme Court of Ohio, which denied certiorari.
 {¶ 4} On June 12, 2003, Holcomb filed a second Crim.R. 32.1 motion to withdraw his guilty plea alleging that the trial court did not comply with Crim.R. 11. The trial court denied the motion on the grounds of res judicata. The denial of this second motion is the issue on appeal in the instant case. Holcomb raises four assignments of error.
 II. Assignment of Error No. 1
"The trial court abused it's (sic) discretion and or erred by denying motion to withdraw plea, pursuant to Crim. R. 32.1 on the basis that the same relief was requested and denied."
 {¶ 5} In the first assignment of error, Holcomb states that it was error for the trial court to apply the doctrine of res judicata to bar his second Crim.R. 32.1 motion to withdraw his guilty plea based upon the prior motion, because the two motions raise different grounds for relief. The prior Crim.R. 32.1 motion was based upon ineffective assistance of counsel and acceptance of a plea agreement; Holcomb argues that the second motion is based upon the trial court's failure to comply with Crim.R. 11 and, therefore, is not barred. We agree that the second motion is barred by res judicata.
 {¶ 6} The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, or on an appeal from that judgment. State v.Clemens (May 31, 2000), 9th Dist. No. 19770, at 3, quoting State v.Perry (1967), 10 Ohio St.2d 175, paragraph 4 of the syllabus. The fact that a defendant did not undertake a direct appeal from his conviction and sentence does not change the application of the res judicata doctrine. Id., quoting State v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312, at 3.
 {¶ 7} Holcomb could have raised the trial court's alleged violation of Crim.R. 11 on direct appeal because, presumably, the error that he raises would have been apparent on the face of the record. Further, Holcomb had the opportunity to raise this issue in the prior Crim.R. 32.1 motion. "The adjudication of [the prior motion] bars him from relitigating any issue arising from the same transaction or occurrence, namely, the plea, conviction and sentencing proceedings." State v.McMinn (June 16, 1999), 9th Dist. No 2927-M, at 5.
 {¶ 8} Hence, we conclude that the trial court did not err in concluding that Crim.R. 32.1 motion to withdraw a guilty plea is barred by res judicata. The first assignment of error is overruled.
 Assignment of Error No. 2
"The trial court abused it's (sic) discretion and or erred by failing to hold an evidentiary hearing."
 Assignment of Error No. 3
"The trial court abused it's (sic) discretion and or erred by failing to appoint counsel."
 Assignment of Error No. 4
"The trial court abused it's (sic) discretion and or erred by failing to provide specific findings of fact and conclusions of law, pursuant to Crim.R. 12(e)."
 {¶ 9} Our ruling on the first assignment of error is dispositive of this appeal. Therefore, we decline to address the remaining three assignments of error. App.R. 12(A)(1)(c).
 III. {¶ 10} Holcomb's first assignment of error is overruled. We decline to address the remaining assignments of error. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. and WHITMORE, J., CONCUR: