DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Daniel Holcomb, acting pro se, has appealed from the judgment of the Summit County Court of Common Pleas which denied his request to correct his sentencing order. This Court affirms.
 I. {¶ 2} In January 2000, Appellant pleaded guilty to two counts of aggravated robbery and one count of aggravated burglary. The trial court sentenced him to seven years on each count of aggravated robbery, to be served concurrently, and six years on the aggravated burglary conviction, to be served consecutively. During the sentencing hearing, the prosecutor and trial judge both commented on the current state of the law regarding "bad time" in Ohio, though the sentencing order states nothing in that regard. Later that same year, in June, the Ohio Supreme Court held the "bad time" statute unconstitutional.
 {¶ 3} On June 27, 2003, Appellant filed a motion to correct the sentencing instructions, claiming that they were unlawful due to the comments regarding "bad time." The court denied Appellant's motion.
 {¶ 4} Appellant has timely appealed, asserting four assignments of error, some of which have been consolidated to facilitate review.
 II Assignment of Error Number One
"The trial court abused [its] discretion and[/]or erred, by violating local rule 7.15, which amounts to a violation of appellant's right to due process."
 Assignment of Error Number Two
"The trial court abused [its] discretion and[/]or erred, by violating local rule 7.14(a), which amounts to a violation of appellant's right to due process."
 {¶ 5} In Appellant's first two assignments of error, he has argued that the trial court failed to comply with Local Rules 7.15 and 7.14(A) of the Court of Common Pleas of Summit County, General Division ("Loc.R."). We disagree.
 {¶ 6} While it is preferable for a court to follow its own local rules, or to amend rather than ignore them, there is no error where a court, in its sound discretion, decides that it should deviate from its own rule in a particular case. Yanik v. Yanik, 9th Dist. No. 21406, 2003-Ohio-4155, at ¶ 9, citing Lorain Cty. Bank v. Berg (July 22, 1992), 9th Dist. No. 91CA005183, at 6. In this case, though, we need not even contemplate admonishing the court to follow its own local rules because it, in fact, did so.
 {¶ 7} Loc.R. 7.15 states:
"No judgments or orders of any nature shall be made in a case except by a judge, to whom the case has been assigned, or the Administrative Judge. If the assigned judge is unavailable, any judge of the General Division may sign such orders where counsel for all parties have agreed and affixed their signatures thereto."
 {¶ 8} Appellant has alleged that the journal entry filed on July 28, 2003, denying Appellant's motion to correct unlawful sentencing instructions, was signed by someone other than the assigned judge. In support, Appellant has offered a certified copy of the order which contains the handwritten, cursive notation of "s/ Marvin A. Shapiro" in lieu of the judge's actual signature. A review of the order actually filed in this case, though, shows that Judge Shapiro did sign the original order. It is apparent that the certified copy submitted to this court by Appellant is, in fact, just that: a certified copy with the proper indication that the original document was actually signed by the judge. The copy was most likely a duplicate with a blank signature line. As such, we find that the court did not violate its own rule in this matter.
 {¶ 9} Appellant has also alleged that the court violated Loc.R.7.14(a), part of which indicates that "[a]t any time after 14 days from the date of the filing of the motion, the assigned Judge may rule upon the motion." Appellant has argued that the court actually ruled on his June 27, 2003 motion on July 2, 2003, which is less than the prescribed fourteen day period. This is simply not the case. The docket indicates that the court held a hearing regarding Appellant's motion on July 2, 2003. The trial court's journal entry, dated July 24, 2003, was not filed with the court until July 28, 2003. Therefore, the trial court did not actually rule on Appellant's motion until after the fourteen day time period under the rule lapsed. We find that the trial court followed its local rules, and that Appellant's first and second assignments of error are without merit.
 Assignment of Error Number Three
"The trial court erred or abused [its] discretion by failing to provide specific findings of facts and conclusion[s] of law, pursuant to Crim. R. 12(e)."
 Assignment of Error Number Four
"The trial court acted without jurisdiction, by failing to yeild to the authority of the Ohio Supreme Court, in violation of appellant's right to due process."
 {¶ 10} In Appellant's third and fourth assignments of error, he has alleged that the trial court failed to make findings of fact and conclusions of law as required by his request under Crim.R. 12(E). He has accused the trial court of acting as an advocate for the state in that the journal entry denying his motion to correct unlawful sentencing instructions is virtually verbatim the State's memorandum in opposition to that motion. He further opines that State v. Bybee (Aug. 30, 2000), 9th Dist. No. 19758, appeal denied (2001), 91 Ohio St.3d 1527, does not stand for the proposition that "bad time" may no longer be imposed after the Ohio Supreme Court held that statute unconstitutional in State exrel. Bray v. Russell (2000), 89 Ohio St.3d 132, syllabus. Appellant has insisted that he will remain subject to unconstitutional "bad time" unless the trial court corrects the verbal instructions given at the sentencing hearing.
 {¶ 11} We first note that Crim.R. 12(E) is completely irrelevant in this case: it deals with notice required by the prosecutor of his intent to use evidence at trial. Second, this is an appeal of the court's denial of Appellant's motion to correct unlawful sentencing instructions, and not an appeal of Appellant's actual sentencing entry. We can find no rule of procedure that requires a judge to make findings of fact and conclusions of law in this precise situation. Even if a rule of this nature does exist, the journal entry of July 28, 2003, clearly indicates the law on which the judge made his decision, and assuming the facts in favor of Appellant does not change the outcome. Moreover, the sentencing entry speaks for itself: it does not in any way mention "bad time." Assuming as fact that the court verbally advised Appellant of the "bad time" statute at his sentencing hearing, it remains true that the Ohio Supreme Court has held the "bad time" statute unconstitutional. SeeBray, 89 Ohio St.3d 132, syllabus. Appellant, therefore, cannot be subject to "bad time." See Bybee, supra, at n. 1.[1]
 {¶ 12} Appellant's argument also appears to request a fictional remedy. There is no relief that we could afford Appellant that would change the current state of affairs: he is currently not subject to "bad time" regardless of the court's earlier instruction and there is no need to correct a sentencing entry which is not incorrect.[2] We cannot simply turn back time and have the trial judge not instruct Appellant on this matter, and it would be silly to require the trial judge today to specifically tell Appellant that he is no longer subject to "bad time." We, also, can hardly admonish the trial court for instructing Appellant as to "bad time" when the statute was not held unconstitutional until months following the sentencing hearing. Nor can we admonish the trial court for using in its journal entry the cases and language cited by the State when that law is both current and highly relevant. We find Appellant's third and fourth assignments of error to be without merit.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, P.J. and Baird, J. concur.
[1] Appellant tries to distinguish Bybee from his case because the court in Bybee failed to inform the Defendant that he might be subject to "bad time," whereas the court in this case did inform Appellant of the "bad time" statute. This is a distinction without a legal difference. Whether or not a court informed any defendant at sentencing of "bad time," the imposition of "bad time" is currently unconstitutional. The issue, therefore, is moot regardless of that distinction. In neither case can a defendant be subject to "bad time."
[2] The fact that the journal entry in no way mentions "bad time" makes this case distinguishable from the two cases upon which Appellant has relied: State v. Roberson, 148 Ohio App.3d 673, 2002-Ohio-4100, and Statev. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845, 2000 Ohio App. LEXIS 3743. In both Roberson and Engleman the actual, journalized sentencing entry stated that the defendants in those cases would be subject to "bad time." This case deals only with verbal instructions not journalized on the record.