DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} In 2000, Daniel Holcomb pleaded guilty to committing three felonies and was sentenced to 13 years in prison. In September 2006, he filed a *Page 2 
petition for postconviction relief, arguing that the trial judge had engaged in judicial fact finding as a prelude to imposing consecutive sentences on him, depriving him of his right to jury trial. The trial court denied his petition, and he has appealed to this Court. This Court affirms the trial court's judgment because his petition was untimely.
 I. {¶ 2} Mr. Holcomb pleaded guilty to two counts of aggravated robbery and one count of aggravated burglary, all first degree felonies. On January 21, 2000, the trial court sentenced him to seven years imprisonment on each count of aggravated robbery, to be served concurrently, and six years imprisonment on the aggravated burglary count, to be served consecutively to the aggravated robbery sentences. On April 14, 2000, the trial court amended the sentencing order nunc pro tunc to show that several other charges on which Mr. Holcomb had been indicted were dismissed.
 {¶ 3} Between his sentencing and the filing of the petition in this case, Mr. Holcomb filed a number of motions and petitions for postconviction relief, all of which were denied. He previously appealed two of those denials to this Court, which affirmed the trial court's judgments. State v. Holcomb, Summit App. No. 21637, 2003-Ohio-6322;State v. Holcomb, Summit App. No. 21682, 2003-Ohio-7167. He filed his petition in this case on September 18, 2006, more than six and a half years after the trial court sentenced him. *Page 3 
 {¶ 4} The trial court's sentencing entry recited that the court had made certain findings under Section 2929.14(E)(3) of the Ohio Revised Code. In fact, as pointed out by Mr. Holcomb, those findings were actually made under Section 2929.14(E)(4) of the Ohio Revised Code, which dealt with findings necessary for imposition of consecutive sentences. In support of his petition in this case, Mr. Holcomb argued to the trial court that, in view of the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, his sentences were void and should be vacated.
 {¶ 5} In Foster, the Ohio Supreme Court, based upon Apprendi v. NewJersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296
(2004), determined that certain parts of Ohio's felony-sentencing structure were unconstitutional. The defective sections had provided that, if the trial court found certain facts, it should impose sentences greater than the maximum sentences applicable based solely upon a jury verdict or guilty plea. Such judicial fact finding leading to mandatory additions to sentences violates a defendant's right to jury trial.Foster at ¶ 61, 64, 67, 80. In order to remedy the constitutional defect, the Ohio Supreme Court excised the offending parts of Ohio's criminal sentencing scheme, including Section 2929.14(E)(4).Id. at ¶ 96, 97.
 {¶ 6} The trial court denied Mr. Holcomb's petition, and he appealed to this Court. He has assigned one error.
 II. *Page 4 {¶ 7} Mr. Holcomb has raised three arguments in support of his assignment of error. He has argued that the trial court incorrectly failed to vacate his sentence, that the trial court incorrectly failed to appoint counsel to represent him in regard to his petition for post-conviction relief, and incorrectly failed to support its ruling on his petition for postconviction relief with findings of fact and conclusions of law.
 {¶ 8} Section 2953.21(A)(2) of the Ohio Revised Code provides that a petition for postconviction relief must normally be filed within 180 days after the trial transcript is filed in the court of appeals or, if, as in this case, no direct appeal is taken, within 180 days after the time for filing the appeal has expired. Section 2953.23(A)(1) of the Ohio Revised Code provides an exception to the 180-day limit if a petitioner makes two showings:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. . . .
Mr. Holcomb has argued that his situation falls within the Section 2953.23(A)(1) exception. *Page 5 
 {¶ 9} According to Mr. Holcomb, his situation satisfies Section 2953.23(A)(1)(a) because, in Foster, the Ohio Supreme Court applied a new right recognized by the United States Supreme Court inApprendi and Blakely that applies retroactively to him. The Ohio Supreme Court specifically held, however, that the rule it announced inFoster would only apply retroactively to cases then pending on direct review. Foster, 109 Ohio St. 3d at 31, 2006-Ohio-856 at ¶ 106. Inasmuch as Mr. Holcomb's convictions were not pending on direct review whenFoster was decided, its holding does not apply to this case, and his situation does not satisfy Section 2953.23(A)(1)(a). His petition for postconviction relief, therefore, was not timely, and the trial court correctly dismissed it.
 {¶ 10} Further, a petitioner does not have a constitutional right to appointed counsel in connection with a petition for postconviction relief. If the trial court determines that a hearing is required on the merits of the petition, the trial court must notify the public defender so the public defender can decide whether to provide counsel. State v.Crowder, 60 Ohio St. 3d 151, 152-53 (1991). Inasmuch as Mr. Holcomb's petition was untimely, no hearing on its merits was necessary, and it was not necessary for the trial court to contact the public defender.
 {¶ 11} Finally, a trial court is not required to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief. State ex rel. Kimbrough v. Greene,98 Ohio St. 3d 116, 2002-Ohio-7042 at ¶ 6. Accordingly, the fact that the trial court did not support its dismissal with findings of fact and conclusions of law is of no significance. *Page 6 
 III. {¶ 12} Mr. Holcomb's assignment of error is overruled. The judgment of the Summit County Common Pleas Court denying his petition for postconviction relief is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to appellant.
CLAIR E. DICKINSON
FOR THE COURT
 SLABY, P. J. MOORE, J. CONCUR. *Page 1