DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} In 2000, as part of a plea agreement, Daniel Holcomb pleaded guilty to three felonies, and the trial court sentenced him to 13 years in prison. In 2008, Mr. Holcomb moved the trial court to "correct sentencing," arguing that the trial court had failed to include mandatory post-release control as part of his sentence, thereby rendering the sentence void. The trial court held that Mr. Holcomb's "motion" was, in substance, an untimely and successive petition for postconviction relief and, accordingly, dismissed it. This Court affirms the trial court's judgment because Mr. Holcomb's "motion" was an untimely and successive petition for post-conviction relief, and the trial court did not have jurisdiction to entertain it.
 BACKGROUND {¶ 2} Since his guilty plea, Mr. Holcomb has been busy. Among other things, he moved this Court for leave to file a delayed appeal; he twice moved the trial court for leave to *Page 2 
withdraw his plea; he moved the trial court to correct void sentencing orders; he moved the trial court to correct unlawful sentencing instructions; he moved the trial court to correct sentencing journal entry and vacate sentence; and he petitioned the trial court for post-conviction relief. This Court has previously issued three opinions as a result of his appeals from various actions by the trial court.State v. Holcomb, 9th Dist. No. 23447, 2007-Ohio-2607; State v.Holcomb, 9th Dist. No. 21682, 2003-Ohio-7167; State v. Holcomb, 9th Dist. No. 21637, 2003-Ohio-6322. This appeal is from the trial court's denial of his latest filing, which he captioned a "Motion to Correct Sentencing."
 {¶ 3} If "a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Price, 9th Dist. No. 07CA0025,2008-Ohio-1774, at ¶ 4 (quoting State v. Reynolds, 79 Ohio St. 3d 158, syllabus (1997)). Despite its caption, Mr. Holcomb's "Motion to Correct Sentencing" was a petition for postconviction relief, and the trial court correctly treated it as such.
 JURISDICTIONAL REQUIREMENTS {¶ 4} Under Section 2953.21(A)(2) of the Ohio Revised Code, if a defendant does not appeal from his conviction, a petition for postconviction relief must be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." Under Section 2953.23(A)(1)(a), a court may not hear an untimely or successive petition unless the petitioner "was unavoidably prevented" from discovering the facts upon which he relies, "or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code . . . the United States Supreme Court recognized a new federal or state right that applies retroactively to persons *Page 3 
in the petitioner's situation. . . ." The petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).
 {¶ 5} This Court denied Mr. Holcomb leave to file a delayed appeal on October 17, 2002, and affirmed the trial court's denial of his previous petition for postconviction relief on May 30, 2007. He did not file his latest "motion" with the trial court until March 12, 2008, and has not argued that the trial court's failure to advise him about post-release control was something he was "unavoidably prevented" from discovering at the time of his sentencing hearing. R.C. 2953.23(A)(1)(a). Nor has he relied on a right that the United States Supreme Court has newly recognized and that has been determined to apply retroactively to people in his situation. The trial court, therefore, lacked jurisdiction to entertain Mr. Holcomb's motion under Section 2953.23(A)(1). His assignment of error is overruled.
 CONCLUSION {¶ 6} The trial court did not have jurisdiction to hear Mr. Holcomb's "Motion to Correct Sentencing" because it was an untimely and successive petition for postconviction relief. His assignment of error is overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 4 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
CARR, P. J. WHITMORE, J. CONCUR *Page 1