[Cite as *State v. Broom*, 2016-Ohio-906.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO                                  C.A. No.        27703

    Appellee

    v.                                       APPEAL FROM JUDGMENT
                                             ENTERED IN THE
ANDRE BROOM                                   COURT OF COMMON PLEAS
                                             COUNTY OF SUMMIT, OHIO
    Appellant                               CASE No.     CR 1988 07 1062

DECISION AND JOURNAL ENTRY

Dated: March 9, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, Andre Broom, appeals an order of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1988, Mr. Broom pleaded guilty to trafficking in marijuana. On October 14, 2014, while facing sentencing in an unrelated federal case, Mr. Broom moved the trial court to vacate his guilty plea and find the judgment against him to be void. The trial court denied the motion on October 22, 2014. Mr. Broom appealed, but this Court dismissed his appeal as untimely. On January 14, 2015, Mr. Broom moved the trial court to find that its previous order was void, alleging that the trial court did not give him time to file a reply brief before denying the motion. The trial court denied the motion, and Mr. Broom filed this appeal.

II.

**Assignment of Error Number One**

THE TRIAL COURT VIOLATED LOCAL RULE 7.14 IN FAILING TO WAIT FOURTEEN (14) DAYS FROM THE DATE OF FILING OF THE MOTION, BEFORE DENYING [BROOM'S] MOTION TO FIND THE GUILTY PLEA AND JUDGMENT ENTRY VOID FILED ON OCTOBER 15, 2014 AND DENIED ON OCTOBER 22, 2014 "PRIOR TO" [BROOM'S] REPLY TO THE STATE'S RESPONSE TO THE MOTION FOR RELIEF.

**{¶3}** Broom's first assignment of error argues that the trial court should have concluded that because it did not afford him fourteen days to file a reply in support of his motion to vacate his guilty plea and sentence, its order denying that motion was void. We disagree.

**{¶4}** A void judgment may be challenged at any time, either by direct appeal or collateral attack. *State v. Knuckles*, 9th Dist. Summit No. 27571, 2015-Ohio-2840, ¶ 8, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40. When an alleged defect renders a judgment voidable rather than void, however, it must be challenged on direct appeal, and res judicata applies to subsequent collateral challenges. *See Knuckles* at ¶ 12.

**{¶5}** An alleged violation of Loc.R. 7.14(A) of the Summit County Court of Common Pleas may render a judgment voidable, but it does not mean the judgment is void. *See, e.g., State v. Holcomb*, 9th Dist. Summit No. 21682, 2003-Ohio-7167, ¶ 9. Accordingly, Broom should have raised this argument in a timely appeal from the trial court's October 22, 2014, order. He failed to do so, and his first assignment of error is overruled on that basis.

**Assignment of Error Number Two**

THE TRIAL COURT ERR[ED] IN OVERRULING [BROOM'S] MOTION TO FIND THE GUILTY PLEA AND JUDGMENT ENTRY VOID BY APPLYING RES JUDICATA TO A VOID JUDGMENT CONTRARY TO THE SUPREME COURT'S HOLDING IN STATE V. FISHER, 128 OHIO ST.3D 92; 2010-OHIO-6738.

{¶6} Broom's second assignment of error challenges the trial court's October 22, 2014, order. Broom filed an untimely appeal from that order, and this Court dismissed the appeal for lack of jurisdiction. The October 22, 2014, order is not the subject of this appeal, so Broom's second assignment of error is not properly before this Court, and we decline to consider it.

III.

{¶7} Broom's first assignment of error is overruled, and his second assignment of error is not properly before this Court. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

ANDRE B. BROOM, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.