DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} In 2000, a jury convicted Vincent Price of multiple felonies and the trial court sentenced him to 22 years to life in prison. In March 2007, Mr. Price moved for resentencing, arguing that he had not been told about post-release control at his sentencing hearing. The trial court overruled his motion. This Court affirms because Mr. Price's motion must be construed as a petition for postconviction relief, and he has not met the jurisdictional requirements for an untimely or successive petition.
 FACTS *Page 2 {¶ 2} Mr. Price was convicted of complicity to commit murder, complicity to commit kidnapping, complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit grand theft. The trial court sentenced him to an aggregate sentence of 22 years to life in prison. Mr. Price appealed, but this Court affirmed his convictions. In February 2003, Mr. Price moved to file a "delayed post-conviction petition." The trial court denied his motion, and this Court also affirmed that judgment.
 {¶ 3} On March 9, 2007, Mr. Price moved for resentencing, arguing that his sentence was void because he was not told about post-release control at his sentencing hearing. He, therefore, requested a new sentence. The trial court overruled his motion, and he has appealed, assigning one error.
 CATEGORIZATION OF THE MOTION {¶ 4} A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by [the] court in order for the court to know the criteria by which the motion should be judged."State v. Bush, 96 Ohio St. 3d 235, 2002-Ohio-3993, at ¶ 10. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds, 79 Ohio St. 3d 158, syllabus (1997). *Page 3 
 {¶ 5} Despite its caption, Mr. Price's motion for resentencing meets the definition of a petition for postconviction relief under Section2953.21(A)(1) of the Ohio Revised Code. Mr. Price filed it subsequent to his direct appeal, claimed a denial of his constitutional rights, asked for a vacation of his sentence, and sought recognition that the trial court's judgment is void. See id. at 160; State v. Kolvek, 9th Dist. Nos. 22966, 22967, 2006-Ohio-3113, at ¶ 5 (construing motion for resentencing as petition for postconviction relief). Mr. Price's motion did not indicate that it was an application for a writ of habeas corpus under Section 2725.04 or meet the requirements of that section.
 JURISDICTIONAL REQUIREMENTS {¶ 6} Section 2953.21(A)(2) of the Ohio Revised Code provides that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. . . ." Section 2953.23(A)(1)(a) provides that a court may not hear an untimely or successive petition unless the petitioner "was unavoidably prevented" from discovering the facts upon which he relies, "or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code . . . the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. . . ." The petitioner must also show "by clear and convincing evidence *Page 4 
that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).
 {¶ 7} This Court denied Mr. Price's direct appeal on January 24, 2001, and denied his appeal from his delayed petition for postconviction relief on March 3, 2004. Mr. Price did not move for resentencing until March 9, 2007. He has not alleged that the trial court's failure to advise him about post-release control was something he was "unavoidably prevented" from discovering at the time of his sentencing hearing. R.C. 2953.23(A)(1)(a). He also has not relied on a right that the United States Supreme Court has newly recognized and that has been determined to apply retroactively to persons in his situation. The trial court, therefore, lacked jurisdiction to entertain Mr. Price's motion under Section2953.23(A)(1). See Kolvek, 2006-Ohio-3113, at ¶ 7. His assignment of error is overruled.
 CONCLUSION {¶ 8} The trial court did not have jurisdiction to hear Mr. Price's motion for resentencing because it was an untimely or successive petition for postconviction relief. Mr. Price's sole assignment of error is overruled, and the judgment of the Wayne County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 CARR, J. WHITMORE, P. J. CONCUR *Page 1