DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Trent Spears was charged with failure to comply with an order or signal of a police officer, a third-degree felony. After initially pleading not guilty by reason of insanity, he changed his plea to no contest. Prior to sentencing, he moved for leave to withdraw his no-contest plea. The trial court held a hearing and denied the motion. The court sentenced him to five years in prison and to a discretionary term of up to three years of post-release control. Mr. Spears has appealed, arguing that the trial court incorrectly denied his pre-sentence motion to withdraw his no-contest plea and did not properly sentence him to post-release control. This Court affirms his conviction and sentence because: (1) based on the evidence, the trial court could have reasonably concluded that he did not present a sufficient basis for withdrawal of his plea; (2) he failed to demonstrate that his lawyer's performance was deficient; and (3) the trial *Page 2 
court's error in advising him regarding post-release control at the sentencing hearing was harmless.
 WITHDRAWAL OF PLEA {¶ 2} Mr. Spears's first and second assignments of error are that the trial court incorrectly denied his motion to withdraw his no-contest plea. He has argued that the denial was error because: (1) the motion was filed before sentencing and presented new evidence of his "actual innocence" and (2) his plea was based on the ineffective assistance of his lawyer.
 {¶ 3} Rule 32.1 of the Ohio Rules of Criminal Procedure governs motions to withdraw pleas of guilty or no contest, but it "gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a [ ] plea." State v. Xie, 62 Ohio St. 3d 521, 526 (1992). "Although Xie clearly dealt with presentence motions to withdraw guilty pleas, the holdings in Xie may also be applied in situations involving pleas of no contest." State v. Spivey, 81 Ohio St. 3d 405, 415 (1998).
 {¶ 4} Generally, presentence motions to withdraw no-contest pleas "should be freely and liberally granted," but once a plea has been entered, "a defendant does not have an absolute right to withdraw [it, even] prior to sentencing." Xie, 62 Ohio St. 3d at 527. Therefore, the trial court must determine whether the defendant has presented "a reasonable and legitimate basis for the withdrawal of the plea."Id. The decision whether to grant a presentence motion to withdraw a plea of no contest is within the discretion of the trial court.Id. at paragraph two of the syllabus.
 {¶ 5} In this case, the trial court held a hearing on Mr. Spears's motion to withdraw his no-contest plea at which it allowed Mr. Spears to offer evidence. He offered the testimony of his girlfriend, Karen Luquire. She testified about Mr. Spears's strange behavior, diagnoses, and *Page 3 
treatment with various mental health professionals. Although Ms. Luquire testified that Mr. Spears had been diagnosed with a delusional disorder, the documentary evidence from the treating physicians did not support her testimony. Ms. Luquire testified that Mr. Spears was driving her truck when he led police on the chase for which he was arrested.
 {¶ 6} Mr. Spears underwent a psychological evaluation just two months before the hearing. The Pyscho-Diagnostic Clinic in Akron reported that Mr. Spears "was not insane at the time he committed the offense [and] was not suffering from a severe mental disease or defect. . . ." The report indicated that Mr. Spears had a "[l]ifelong history of substance abuse and criminal behavior," but found "no evidence that he had an episode of a major mental illness." According to the report, Mr. Spears's "claims of mental disorder are exaggerated or malingered." Based on this evidence, the trial court could have reasonably concluded Mr. Spears had not provided a "reasonable and legitimate basis for the withdrawal of the plea." Xie, 62 Ohio St. 3d at 527.
 {¶ 7} Mr. Spears has also argued that he pleaded no contest based on his lawyer's "mistaken representation" that such a plea was a prerequisite to acceptance into the Mental Health Court program. Mr. Spears claimed that his lawyer made this representation on the record at the change of plea hearing by saying: "[W]e would be entering a plea of No Contest to the charges, and then file a motion requesting the Court to consider transferring this case to the Mental Health Court, at least get to an evaluation for the Court's consideration to see if he can be qualified for that program."
 {¶ 8} This Court has held that a trial court's denial of a pre-sentence motion to withdraw a plea should be affirmed if: "(1) the defendant was represented by competent counsel; (2) the trial court provided the defendant with a full hearing before entering the [no-contest] plea; and (3) the trial court provided the defendant with a full hearing on the motion to *Page 4 
withdraw his [no-contest] plea and considered the defendant's arguments in support of his motion to withdraw his [no-contest] plea." State v.Apple-Wright, 9th Dist. No. 06CA008865, 2006-Ohio-5805, at ¶ 7 (citingState v. Rosemark, 116 Ohio App. 3d 306, 308 (1996)). Mr. Spears has attacked only the first prong of this test. He has not disputed that he received a full hearing both before entering his no-contest plea and again on his motion to withdraw it. He has disputed the effect of the evidence presented at the hearing on his motion to withdraw his plea, but he has not denied that he received a full hearing and the judge considered his arguments.
 {¶ 9} Mr. Spears has argued that he should have been permitted to withdraw his no-contest plea because it was based on misinformation from his lawyer. A plea will not be considered voluntary if it is the result of ineffective assistance of counsel. State v. Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 16. In order to prevail on this claim, Mr. Spears must meet the test for ineffective assistance of counsel.State v. Xie, 62 Ohio St. 3d 521, 524 (1992). This requires a convicted defendant to prove two things. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."Strickland v. Washington, 466 U.S. 668, 687 (1984). The claim fails if the defendant cannot satisfy either prong of the test. State v.Bradley, 42 Ohio St. 3d 136, 142 (1989).
 {¶ 10} In order to successfully attack a plea as being based on a lawyer's deficient performance, the defendant must prove his lawyer "was not `a reasonably competent attorney' and the advice was not `within the range of competence demanded of attorneys in criminal cases.'"Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting McMann v.Richardson, 397 U.S. 759, 770, 771 (1970)). All properly licensed Ohio lawyers are presumed competent. State v. Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 16. Furthermore, in evaluating *Page 5 
a lawyer's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Bradley, 42 Ohio St. 3d at 142
(quoting Strickland, 446 U.S. at 689).
 {¶ 11} The record does not contain any evidence that Mr. Spears's lawyer advised him that he must plead to the offense in order to be accepted into the Mental Health Court program. This Court's reading of the section of the hearing quoted by Mr. Spears does not support his claim. Although the lawyer stated that Mr. Spears would be pleading no contest and then filing a motion requesting consideration for the Mental Health Court, the lawyer did not indicate that he believed a no-contest plea was a prerequisite to the court's transfer of the case to the Mental Health Court. Furthermore, there is no evidence in the record tending to show that a no-contest plea was not a prerequisite to acceptance into the Mental Health Court program. A complete review of the record does not reveal any evidence that Mr. Spears's lawyer incorrectly advised him. Thus, Mr. Spears failed to show a deficient performance as required to support a claim of ineffective assistance of counsel. Therefore, this Court cannot conclude that the trial court abused its discretion by denying Mr. Spears's presentence motion to withdraw his plea. Mr. Spears's first and second assignments of error are overruled.
 POST-RELEASE CONTROL {¶ 12} Mr. Spears's third assignment of error is that "[t]he [t]rial [c]ourt erred when it failed to properly sentence [him] regarding post release control," thus voiding the sentence. Mr. Spears requested, and each party was granted, an opportunity to supplement the briefing regarding the effect of the Ohio Supreme Court's recent decision inState v. Simpkins, 117 Ohio St. 3d 420, 2008-Ohio-1197. *Page 6 
 {¶ 13} Mr. Spears pleaded no contest to violating Section 2921.331(B) by ignoring a police officer's command to stop his vehicle and fleeing, first in a truck, then on foot. He pleaded no contest to the third-degree felony charge in the indictment and was convicted. Under Section 2967.28(C), his conviction subjected him to up to three years of post-release control, at the discretion of the parole board. The trial court was statutorily mandated to notify Mr. Spears at his sentencing hearing, therefore, that upon completion of his prison term, he could be supervised for up to three years. See R.C. 2929.19(B)(3)(d).
 {¶ 14} At the sentencing hearing, the trial court told Mr. Spears that, after being released from prison, "the prison authority will put him on post-release control for up to five years," inaccurately informing him that the post-release control was mandatory and could last for five years. The trial court's judgment entry, however, accurately stated that he was subject to a discretionary term of post-release control that could last up to three years. Mr. Spears has argued that, under Simpkins, his sentence must be voided and the case remanded for resentencing.
 {¶ 15} In Simpkins, the defendant's conviction subjected him to a mandatory term of post-release control, but the trial court failed to include that term in its sentencing judgment entry. The Supreme Court held that, when a defendant is being sentenced for "an offense for which post-release control is required, but not properly included in the sentence, the sentence is void." Simpkins, 2008-Ohio-1197, at ¶ 6. The opinion does not indicate what, if anything, the trial court told Mr. Simpkins about post-release control at his sentencing hearing. The facts in Simpkins distinguish it from Mr. Spears's situation. Mr. Spears presents a case of misinformation at his sentencing hearing with a correct judgment entry, rather than a complete failure to include post-release control in the sentence. *Page 7 
 {¶ 16} The Ohio Supreme Court has held that, when a trial court fails, at the sentencing hearing, to notify a defendant that he may be subject to post-release control after prison, the sentence is void. State v.Bezak, 114 Ohio St. 3d 94, 2007-Ohio-3250, at ¶ 16. In Bezak, the trial court told the defendant at his sentencing hearing that he "probably" would not have to serve post-release control. Id. at ¶ 3. Bezak is distinguishable from this case because, in Bezak, the trial court led the defendant to believe there probably would be no post-release control. In this case, the trial court led Mr. Spears to believe that post-release control would be mandatory and would last longer than it actually could. Mr. Spears has not cited any authority for the proposition that a defendant must be resentenced because a trial court verbally warned him that post-release control was mandatory when, in fact, it was discretionary or could last longer than it actually could.
 {¶ 17} Mr. Spears was not prejudiced by the trial court's overstating the likelihood and severity of his term of post-release control at the sentencing hearing. The sentencing judgment entry accurately reflects both the discretionary nature and length of the term. The error in the trial court's pronouncement during Mr. Spears's sentencing hearing was harmless. See Crim. R. 52(A). Mr. Spears's third assignment of error is overruled.
 CONCLUSION {¶ 18} Based on the evidence, the trial court could have reasonably concluded Mr. Spears had not provided a "reasonable and legitimate basis for withdrawal of [his] plea." Xie, 62 Ohio St. 3d at 527. Furthermore, he failed to demonstrate a deficient performance by his lawyer as required for a showing of ineffective assistance of counsel. Therefore, the court correctly denied Mr. Spears's motion to withdraw his no-contest plea. *Page 8 
 {¶ l9} Mr. Spears's sentence is affirmed because he was not prejudiced by the trial court's erroneous overstatement, at his sentencing hearing, of the terms of post-release control. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1