DECISION AND JOURNAL ENTRY
{¶ 1} Following a four-day jury trial in December 2002, Jesse C. Lyons was convicted of one count of kidnapping and one count of felonious assault. The trial court sentenced him to three years for the kidnapping charge and eight years for the felonious assault charge. Lyons' instant appeal concerns the trial court's ruling on his motion for resentencing. We affirm.
 FACTS {¶ 2} On December 19, 2002, a jury found Lyons guilty of kidnapping and felonious assault. The trial court conducted a sentencing hearing on February 7, 2003 and journalized Lyons' sentence of eight years in an entry entered that same day. At the sentencing hearing, the trial court advised Lyons that he would be subject to a term of post-release control in light of his felony convictions. The trial court also addressed post-release control in its judgment entry of sentencing. *Page 2 
 {¶ 3} Lyons filed a timely notice of appeal of his conviction. On April 14, 2003, the trial court transcript was filed in the Court of Appeals. This Court affirmed Lyons' conviction. State v. Lyons, 9th Dist. No. 03CA0023-M, 2003-Ohio-5783.
 {¶ 4} On April 28, 2008, Lyons filed a motion for resentencing in the trial court arguing that the trial court failed to adequately inform him about his term of post-release control. The trial court denied Lyons' motion for resentencing on July 17, 2008. The instant appeal followed.
 MOTION FOR RESENTENCING {¶ 5} We find the procedural posture of the case at bar to be substantially similar to the case of State v. Price, 9th Dist. No. 07CA0025, 2008-Ohio-1774. In 2000, Price was convicted by a jury of various felonies and sentenced to prison. Id. at ¶ 1. In 2001, this Court affirmed his convictions pursuant to his direct appeal. Id. at ¶ 7. In March of 2007, Price moved the trial court for resentencing because he claimed the trial court neglected to adequately inform him of post-release control. Id. at ¶ 1. The trial court denied Price's motion and Price appealed. Id. We concluded that Price's motion was a motion for postconviction relief to which Ohio Revised Code Section 2953.21
applied because his motion was "filed * * *subsequent to his direct appeal, claimed a denial of his constitutional rights, asked for a vacation of his sentence, and sought recognition that the trial court's judgment [was] void." Id. at ¶ 5.
 {¶ 6} On the authority of Price, we determine that Lyons' motion for resentencing is more appropriately characterized as a motion for postconviction relief. See, also, State v. Reynolds (1997),79 Ohio St.3d 158, syllabus. Lyons' motion follows his direct appeal and he argues that the trial court violated his rights when it did not fully inform him of post-release control, and therefore, his sentence is void and should be vacated. *Page 3 
 POSTCONVICTION RELIEF {¶ 7} As an initial matter, we determine whether the trial court had authority to consider Lyons' motion for postconviction relief.
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), if the offender has taken a direct appeal, a motion for postconviction relief must be filed within 180 days following the date on which the trial transcript is filed with the court of appeals. The trial court is not permitted to consider motions filed outside of this period. R.C. 2953.23(A).
 {¶ 9} Lyons appealed his convictions in 2003. The transcript was filed with this Court on April 14, 2003. Lyons' motion for postconviction relief was not filed until April 28, 2008, well outside of the timeframe provided by R.C. 2953.21(A)(2).
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), an untimely motion for postconviction relief may be heard by the trial court if both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} Lyons has not argued that he was unavoidably prevented from discovery of the facts upon which he based his motion, or that the United States Supreme Court has recently recognized a new right that applies retroactively to persons in his situation. Therefore, we determine that the trial court was without authority to consider Lyons' untimely motion for *Page 4 
postconviction relief with respect to the alleged inaccuracies concerning post-release control. See Price at ¶ 8. Accordingly, the trial court did not err in denying Lyons' motion.
 CONCLUSION {¶ 12} Lyons' sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J. WHITMORE, J. CONCUR *Page 1