The STATE of Ohio, Appellee,

v.

HOLCOMB, Appellant.

[Cite as *State v. Holcomb,* 184 Ohio App. 577, 2009-Ohio-3187.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24287.

Decided June 30, 2009.

</div>

578

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Daniel L. Holcomb, pro se.

Per Curiam.

{¶ 1} In 2000, as part of a plea agreement, Daniel Holcomb pleaded guilty to three felonies, and the trial court sentenced him to 13 years in prison. In 2008, Holcomb moved the trial court to "correct sentencing," arguing that it had failed to include mandatory postrelease control as part of his sentence, thereby rendering the sentence void. The trial court held that Holcomb's motion was, in substance, an untimely and successive petition for postconviction relief and, accordingly, dismissed it. This court reverses.

{¶ 2} Since his guilty plea, Holcomb has filed a number of motions with this court and the trial court. Among other things, he moved this court for leave to file a delayed appeal; he twice moved the trial court for leave to withdraw his plea; he moved the trial court to correct void sentencing orders; he moved the trial court to correct unlawful sentencing instructions; he moved the trial court to correct the sentencing journal entry and vacate the sentence; and he petitioned the trial court for postconviction relief. This court has previously issued three opinions as a result of his appeals from various actions by the trial court. *State v. Holcomb*, 9th Dist. No. 23447, 2007-Ohio-2607, 2007 WL 1545064; *State v. Holcomb*, 9th Dist. No. 21682, 2003-Ohio-7167, 2003 WL 23094773; *State v. Holcomb*, 9th Dist. No. 21637, 2003-Ohio-6322, 2003 WL 22797731. This appeal is from the trial court's denial of his latest filing, which he captioned "Motion to Correct Sentencing."

## ASSIGNMENT OF ERROR

The trial court exceeded its authority in denying [Holcomb's] motion to vacate his sentence, because his sentence is void, a violation of the Due Process clauses of both the United States and the Ohio Constitutions.

{¶ 3} Holcomb argues that the trial court erred when it denied his motion to correct his sentence. This case provides this court with an opportunity to review the Ohio Supreme Court's jurisprudence regarding void and voidable sentences.

### Historical Perspective

{¶ 4} The Ohio Supreme Court has addressed void and voidable sentences for well over 100 years. An early decision, *Ex parte Shaw* (1857), 7 Ohio St. 81, 82, involved a trial court's sentence that fell below that required by statute. The

Supreme Court held that the trial court "had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence was not void, but erroneous." Id. Twenty years later, the Supreme Court reached the same result when considering a sentence *above* the statutory maximum. It held that "[t]he punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void." *Ex parte Van Hagan* (1874), 25 Ohio St. 426, 432.

{¶ 5} Just over 100 years ago, the Supreme Court reviewed a sentence that omitted credit required by statute. In *Hamilton v. State* (1908), 78 Ohio St. 76, 77, 84 N.E. 601, the court reviewed a sentence that committed the defendant to the workhouse until his fines and costs were paid, without allowing a credit for each day of confinement on the fine and costs. The court held that "while not wholly void [the sentence] is incomplete and erroneous, and where such sentence has not been executed, it will be reversed." Id. at paragraph 3 of the syllabus. Over the years that followed, the court continued to hold that sentences imposed in violation of a statute were voidable. See, e.g., *Ex parte Winslow* (1915), 91 Ohio St. 328, 110 N.E. 539; *Ex parte Fenwick* (1924), 110 Ohio St. 350, 144 N.E. 269; *Stahl v. Currey* (1939), 135 Ohio St. 253, 14 O.O. 112, 20 N.E.2d 529. In one of the last cases in this line, *Carmelo v. Maxwell* (1962), 173 Ohio St. 569, 570, 20 O.O.2d 170, 184 N.E.2d 405, the Supreme Court held that a sentence imposed contrary to the terms of a statute does not void the sentence.

### Void or Voidable

{¶ 6} The first thorough, modern discussion about void and voidable judgments in the criminal context appears in *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, decided two years after the adoption of Ohio's postconviction-relief statute. The Supreme Court first discussed the term "void":

> Within the meaning of the statute, a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted. Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void * * *.

Id. at 178–179, 39 O.O.2d 189, 226 N.E.2d 104. As for "voidable," the court described it this way: "The word 'voidable' has caused some confusion. Thus, an erroneous judgment that is not void could be considered as in effect 'voidable,' so long as it may be set aside on appeal." Id. at 179, 39 O.O.2d 189, 226 N.E.2d 104. The court provided two examples of voidable convictions and cited two cases; interestingly, neither of those decisions use the word "void" or "voidable" to

describe the claim. The first example of a voidable conviction was one for which the factual basis for a constitutional claim was not known until after the judgment of conviction. Id. at 179, 39 O.O.2d 189, 226 N.E.2d 104. The second example was in a case in which the defendant was not represented by counsel at the trial or plea hearing that resulted in the judgment of conviction; the judgment would be voidable at any time prior to a final judicial determination that the defendant knowingly and intelligently waived the right to counsel. Id. at 179–180, 39 O.O.2d 189, 226 N.E.2d 104.

{¶ 7} Just two months later, the Supreme Court considered another case, *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 39 O.O.2d 414, 227 N.E.2d 223, involving void and voidable judgments, and, rather than refer to *Perry*, the court cited *Tari v. State* (1927), 117 Ohio St. 481, 493–494, 159 N.E. 594, which stated:

This decision must turn in its last analysis upon the distinction to be made between a void and a voidable judgment. If it was a void judgment, it is a mere nullity, which could be disregarded entirely, and could have been attacked collaterally, and the accused could have been discharged by any other court of competent jurisdiction in habeas corpus proceedings. If it was voidable, it is not a mere nullity, but only liable to be avoided by a direct attack and the taking of proper steps to have its invalidity declared. Until annulled, it has all the ordinary consequences of a legal judgment.

### Void sentences—Disregard Statutory Requirements

{¶ 8} The Supreme Court turned its attention to void sentences in 1984 in an oft-cited case, *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774. In *Beasley,* the Supreme Court reviewed a sentence it found void, holding:

Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. The applicable sentencing statute in this case, R.C. 2929.11, mandates a two to fifteen year prison term and an optional fine for felonious assault. The trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void.

Id. at 75, 14 OBR 511, 471 N.E.2d 774. This language has been cited repeatedly for the proposition that a sentence that disregards statutory authority is void, a conclusion that seems to conflict with *Ex parte Shaw* (1857), 7 Ohio St. 81, and other decisions discussed above that would conclude that the sentence would be voidable, not void.

{¶ 9} *Beasley* played a significant role 20 years later when the Supreme Court confronted a trial court's failure to advise a defendant about postrelease control. In *State v. Jordan* (2004), 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, the Ohio Supreme Court considered the trial court's failure to advise the defendant about postrelease control at the sentencing hearing. The Supreme Court quoted

*Beasley* and held that the trial "court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in *Beasley,* a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error." Id. at ¶ 26. Again, this conclusion conflicts with earlier decisions that seemingly would have concluded that the sentence was voidable, not void.

{¶ 10} The court revisited this issue three years later in *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. The court held: "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at syllabus. The court held that *Jordan* controlled its decision: "Bezak was not informed about the imposition of postrelease control at his sentencing hearing. As a result, the sentence imposed by the trial court is void. 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' (Citations omitted.) *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223." Id. at ¶ 12. The Supreme Court held that when the "trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void * * *. When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at ¶ 16.

### Confusion about Void and Voidable

{¶ 11} We have noted inconsistencies in the Supreme Court's application of the concepts of void and voidable sentences. The Supreme Court has recognized its own confusion. A decade ago, in *State v. Green* (1998), 81 Ohio St.3d 100, 105, 689 N.E.2d 556, the Supreme Court reversed a sentence and remanded for a new trial because a three-judge panel in a capital case had not followed specific statutory requirements. The court held that "there has been no valid conviction and Green's sentence is therefore void." Id. Six years later, in *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14, the court stated that "despite our language in *Green* that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal."

{¶ 12} More recently, the court discussed void and voidable sentences in detail in *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.

The court began with the simple notion that "void and voidable sentences are distinguishable." Id. at ¶ 27. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." Id. at ¶ 27. "[A] voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." Id. Where a trial court has jurisdiction but erroneously exercises it, the sentence is not void, and the sentence can be set aside only if successfully challenged on direct appeal. Id. at ¶ 28. In a footnote, the court stated, "It is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void ab initio." Id. at ¶ 29, fn. 3. Two concurring opinions recognized the importance of clarifying the difference between a void and voidable sentence.

{¶ 13} Notwithstanding this clarification, the following year the Supreme Court again addressed the distinction between void and voidable sentences. In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6, the court held that "in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void." The court clarified by recognizing: "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." (Citation omitted.) Id. at ¶ 12. The court recognized that although it normally holds "that sentencing errors are not jurisdictional and do not necessarily render a judgment void, * * * there are exceptions to that general rule. The circumstances in this case—a court's failure to impose a sentence as required by law—present one such exception." (Citations omitted.) Id. at ¶ 13.

{¶ 14} The court reviewed a long list of cases, back to *Beasley*, and concluded: "Because a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." Id. at ¶ 22. The court recognized that a "trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. Indeed, it has an obligation to do so when its error is apparent." (Citations omitted.) Id. at ¶ 23

## Remedy for Void Sentences

{¶ 15} Although the Supreme Court's mandate appeared clear, the remedy was not. Following the Supreme Court's recent decisions, many criminal defen-

dants filed motions to resentence, a motion not specifically authorized under the Ohio Rules of Criminal Procedure. The Supreme Court has directed courts to reclassify a motion that is not filed pursuant to a specific rule of criminal procedure in order for the court to know the criteria by which the motion should be judged. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 10. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus.

{¶ 16} In *State v. Price*, 9th Dist. No. 07CA0025, 2008-Ohio-1774, 2008 WL 1700341, this court concluded that *Reynolds* and *Bush* required a trial court to reclassify a motion to resentence as a petition for postconviction relief because the motion was filed after direct appeal, claimed a denial of constitutional rights, asked the trial court to vacate his sentence, and sought recognition that the trial court's judgment was void. Id. at ¶ 5. Having reclassified the motion as a petition for postconviction relief, the trial court lacked jurisdiction to consider it because it was an untimely or successive petition. Id. at ¶ 8. This conclusion, seemingly in conflict with *Simpkins* and *Bezak*, followed naturally from the procedure the Supreme Court established in *Bush* and *Reynolds*.

{¶ 17} The legal landscape changed in April 2009, when the Supreme Court decided *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422. *Boswell* concluded that a "motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1." Id. at syllabus. Boswell pleaded guilty and was sentenced, but the trial court failed to properly notify him about postrelease control. Five years after he was sentenced, he moved to withdraw his plea, and the trial court granted the motion. The state appealed, and the court of appeals reversed. The Supreme Court again reviewed its line of cases involving void sentences.

{¶ 18} After deciding the Crim.R. 32.1 issue, the court noted that it "must also address the status of the void sentence." Id. at ¶ 12. The court recognized that, unlike parties in prior cases, neither party to this appeal challenged the sentence, although the parties agreed it was void. This case reached the court on Boswell's motion to withdraw his guilty plea, which did not challenge his sentence as void. The Supreme Court held: "Despite the lack of a *motion for resentencing*, we still must vacate the sentence and remand for a resentencing hearing in the trial court. Because the original sentence is actually considered a nullity, a court cannot ignore the sentence and instead must vacate it and order resentencing." (Emphasis added.) Id. at ¶ 12. The Supreme Court vacated "Boswell's void

sentence and order[ed] resentencing if his motion to withdraw his guilty plea is ultimately denied." Id. at ¶ 13.

{¶ 19} In *Boswell,* for the first time, the Supreme Court provided direction about how to raise or consider a void sentence. A defendant may raise this claim in the trial court by filing a motion for resentencing and, in light of *Boswell*'s analysis, the motion should not be reclassified as a petition for postconviction relief. If a sentence is void for failure to include postrelease-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing. *Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, at ¶ 13. Presumably, this means that a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition and, instead, vacate the void sentence and resentence the defendant.

### This Court's Remedy

{¶ 20} Because a clear, consistent approach to handling these cases will best assist parties, attorneys, and the courts in this district, this court adopts the approach suggested by *Boswell* outlined above: a defendant may request resentencing because of a trial court's failure to properly include postrelease control in a sentencing entry by filing a motion for resentencing. The trial court should not reclassify the motion or request as a petition for postconviction relief. To the extent that this court's decisions, under these specific circumstances, require a trial court to reclassify a motion for resentencing as a petition for postconviction relief, see, e.g., *State v. Price,* 9th Dist. No. 07CA0025, 2008-Ohio-1774, 2008 WL 1700341, or as a motion for relief from judgment under Civ.R. 60(B)(5), see, e.g., *State v. Whatley,* 9th Dist. No. 24231, 2008-Ohio-6128, 2008 WL 5047639, those decisions should not be followed. If a sentence is void for failure to include proper postrelease-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing. *Boswell* at ¶ 12. Further, a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a sentence that is void, must ignore the procedural irregularities of the petition and vacate the void sentence and resentence the defendant. Id.

### Holcomb's Void Sentence

{¶ 21} The record reflects that Holcomb was not advised that his sentence included a mandatory five-year period of postrelease control. Accordingly, his sentence is void. Pursuant to *Boswell,* this court vacates Holcomb's sentence and remands this case to the trial court to resentence him. " 'The effect of vacating the sentence places the parties in the same position they would have been in had

there been no sentence.'" *Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, at ¶ 8, quoting *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 22.

## Conclusion

{¶ 22} The trial court incorrectly categorized Holcomb's motion to correct sentencing as a petition for postconviction relief. The judgment of the Summit County Common Pleas Court is reversed, Holcomb's sentence is vacated, and this cause is remanded for the trial court to resentence him according to law.

<div align="right">

Judgment reversed,
sentence vacated,
and cause remanded.

</div>

DICKINSON, P.J., and WHITMORE, J., concur.

CARR, J., concurs in judgment only.

DICKINSON, Presiding Judge, concurring.

{¶ 23} I reluctantly join in the per curiam opinion. The trial court had personal jurisdiction over Holcomb when it sentenced him and had subject-matter jurisdiction over the proceeding. It made a mistake in imposing sentence. That mistake made his sentence voidable, that is, subject to being reversed on direct appeal. It did not make his sentence void ab initio. *State v. Perry* (1967), 10 Ohio St.2d 175, 178–179, 39 O.O.2d 189, 226 N.E.2d 104.

{¶ 24} In *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the trial court had personal jurisdiction over the defendant and subject-matter jurisdiction over the proceeding. Despite that, the Supreme Court held that because its sentencing entry contained a mistake, the sentence was void ab initio. The moving party in *Simpkins* was the state. Because of that, I thought the ruling could be restricted to cases in which the state was the moving party. I realize that distinction didn't make a lot of sense, but my belief was that just because the Supreme Court holds that the sun rises in the west on Sundays, we should not extend that ruling to other days of the week. Accordingly, in *State v. Price,* 9th Dist. No. 07CA0025, 2008-Ohio-1774, 2008 WL 1700341, we, in effect, treated a sentence that did not include postrelease control as voidable rather than void.

{¶ 25} More recently, the Ohio Supreme Court decided *State v. Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, a case in which it vacated a sentence as void when nobody had even asked it to. Again, the trial court that sentenced Boswell had personal jurisdiction over him and subject-matter jurisdiction over the case. I take this as a holding that the sun rises in the west on

Mondays and infer from it that the Ohio Supreme Court believes it does so all week.

{¶ 26} Abraham Lincoln said, "[U]pon the subjects of which I have treated, I have spoken as I thought. I may be wrong in regard to any or all of them; but holding it a sound maxim, that it is better to be only sometimes right, than at all times wrong, so soon as I discover my opinions to be erroneous, I shall be ready to renounce them." Letter from Abraham Lincoln to the People of Sangamo County (Mar. 9, 1832), in Abraham Lincoln, Speeches and Writings 1832–1858 (The Library of America 1989) 4–5. While acknowledging that I was wrong about the broadness of *Simpkins*, I urge the Ohio Supreme Court to look again at its holding in that case to determine whether we can't get the earth again spinning in the right direction.

CARR, Judge, concurring.

{¶ 27} For the following reasons, I respectfully concur in judgment only.

{¶ 28} Courts around the state, including this court, have struggled with how to apply the Ohio Supreme Court's numerous decisions about postrelease control. The judges of this court have recognized that there are different approaches that could be taken to decide these issues. This court has taken different approaches in similar cases.

{¶ 29} In *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 20, the Supreme Court issued a "directive that appellate courts should resolve conflicts within their respective appellate districts." In light of the Supreme Court's mandate, the judges of this court considered various approaches to resolving these cases. The result is that this court will follow the broad approach outlined in the per curiam opinion.

{¶ 30} There was not complete agreement with this outcome. A minority of the judges of this court would apply the Supreme Court's holdings on the narrow bases on which they were decided, an approach this court has followed in other circumstances. See, e.g., *State v. Hultz*, 9th Dist. No. 06CA0032, 2007-Ohio-2040, 2007 WL 1238611, ¶ 12 ("The narrow holding in [*State v.*] *Miller* [2007-Ohio-1353, 2007 WL 879666] does not apply in the instant case * * *"); *State v. Brintzen-hofe* (May 12, 1999), 9th Dist. No. 18924, 1999 WL 292195, at *4. Consistent with a narrow approach, the Supreme Court's postrelease-control decisions could be applied to cases with the same procedural and factual history. The holding in *Simpkins*, for example, could be applied solely to cases in which the *state* has sought a new sentencing hearing because the trial court failed to impose postrelease control, as stated in the syllabus. This court has already distin-guished *Simpkins* based on the facts of the case. See, e.g., *State v. Spears*, 9th Dist. No. 07CA0036–M, 2008-Ohio-4045, 2008 WL 3271048, ¶ 15 ("The facts in

*Simpkins* distinguish it from Mr. Spears's situation"). *Bezak* and *Jordan* could be applied in the same manner. Finally, the Supreme Court could revisit these questions to address the confusion that currently surrounds these cases. See *Simpkins* (Lanzinger, J., dissenting); *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083, ¶ 15 (Dickinson, J., concurring).

{¶ 31} Reasonable jurists disagree about how to interpret and apply the Supreme Court's postrelease-control cases. The Supreme Court has not been unanimous in its decisions on these difficult and complicated questions. See, e.g., *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254; *Boswell*; *Simpkins*. The justices continue to raise these questions, including, for example, the oral argument heard June 3, 2009, in *State v. Singleton*, Supreme Court Case No. 2008–1255 (oral argument available at http://www.ohiochannel.org/media_archives/supreme_court/media.cfm?file_id=120614&).

{¶ 32} I would not resolve this case in the same manner as the lead opinion. But a majority of the judges of this court have agreed to follow this approach. I believe consistency of decisions will benefit the parties, attorneys, and trial courts in this district. Accordingly, I concur in this court's judgment.