[Cite as *Benedetti v. Benedetti*, 2019-Ohio-3988.]

STATE OF OHIO             )             IN THE COURT OF APPEALS
                    )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

| JESSICA BENEDETTI | C.A. No. 29038 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN D. BENEDETTI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2013-10-2932 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

---

TEODOSIO, Presiding Judge.

{¶1} Steven D. Benedetti appeals the order of the Summit County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failure to pay child support. We affirm.

I.

{¶2} In 2013, Jessica R. Benedetti filed her complaint for divorce against her then husband, Steven D. Benedetti, with whom she had two minor children. A trial was held in September 2015. On October 6, 2015, Ms. Benedetti filed an emergency motion to order the return of the minor children back to plaintiff; suspend all of defendant's companionship with the minor children; and suspend all contact by defendant with plaintiff and the minor children. The case was scheduled for a "meeting" with counsel for both parties, and on October 14, 2015, the trial court put on a judgment entry granting Ms. Benedetti sole and exclusive temporary custody of the minor children; ordering Mr. Benedetti to return the children to Ms. Benedetti; suspending

Mr. Benedetti's parenting time; and ordering Mr. Benedetti to have a psychological assessment to be conducted by Dr. Robin Tenner prior to any unsupervised parenting time being granted.

{¶3} On April 14, 2016, the trial court entered a decree of divorce allocating sole parental rights and responsibilities to Ms. Benedetti and allocating certain parenting time to Mr. Benedetti. The trial court, however, suspended this parenting time based upon events that occurred subsequent to trial, and until Mr. Benedetti completed the psychological assessment with Dr. Robin Tener as required by the court's prior order. The decree further ordered that Mr. Benedetti pay child support. Mr. Benedetti filed a notice of appeal to this Court, but voluntarily dismissed the appeal after this Court questioned our jurisdiction based upon the decree's potential noncompliance with Civ.R. 75 as to spousal support.

{¶4} On January 20, 2017, upon the motion of Mr. Benedetti, the trial court issued an order stating that it would further consider the issue of spousal support at the request of Ms. Benedetti on the occasion when Mr. Benedetti became employed, with the trial court specifically retaining jurisdiction to do so. On December 6, 2017, the Child Support Enforcement Agency motioned the trail court to find Mr. Benedetti in contempt for failure to pay child support. After a hearing on the matter with Mr. Benedetti appearing with counsel, the trial court entered judgment on April 17, 2018, finding Mr. Benedetti in contempt for failure to pay child support and sentencing him to 30 days of jail time, suspended on the condition of monthly payment of the arrearage.

{¶5} Mr. Benedetti now appeals, raising two assignments of error.

II.

ASSINGMENT OF ERROR ONE

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT VIOLATED DEFENDANT'S DUE PROCESS RIGHTS BY SUSPENDING HIS

PARENTING RIGHTS WITHOUT A HEARING THEREFORE CREATING A VOID AND UNENFORCEABLE JUDGMENT ENTRY.

{¶6} In his first assignment of error, Mr. Benedetti argues the trial court erred when it suspended his parental rights without a hearing prior to issuing its order of October 14, 2015. Mr. Benedetti goes on to state that the trial court "violated [his] due process rights by suspending his parenting rights without a hearing therefore creating a void and unenforceable judgment.

{¶7} In his notice of appeal, Mr. Benedetti states "he is appealing to the Ninth District Court of Appeals, Summit County, Ohio, from the [t]rial [c]ourt's ruling on State of Ohio's Motion to Appear and Show Cause dated December 6, 2017. The [t]rial court's final appealable sentencing entry was filed on April 17, 2018." Likewise, Mr. Benedetti's docketing statement to this Court states that the judgment that he is appealing is dated April 17, 2018. The motion filed by the Summit County Child Support Enforcement Agency on December 6, 2017, was a motion for contempt against Mr. Benedetti for the non-payment of child support. The trial court's order of April 17, 2018, found Mr. Benedetti in contempt, and sentenced him to 30 days in the Summit County Jail, suspended on the condition of payment of the child support obligation.

{¶8} Mr. Benedetti's argument under this assignment of error is not that the trial court erred in finding him in contempt, but rather, that the trial court erred when it suspended his parental rights without a hearing prior to issuing its order of October 14, 2015. That issue, however, is not raised or implicated in the order from which Mr. Benedetti now appeals.

{¶9} An appeal is initiated when the appellant files a notice of appeal. *See* App.R. 3(A). "The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from * * *." App.R. 3(D). Mr. Benedetti's notice of appeal states he is appealing from the entry filed on April 17, 2018, and therefore the scope of Mr. Benedetti's appeal is limited to issues pertaining to that entry alone. Mr. Benedetti's first assignment of error asks for relief from a

ruling that is not presently appealed to this Court on an issue that is not the subject of the order presently being appealed.

{¶10} Because Mr. Benedetti's first assignment of error fails to raise any issues germane to the journal entry of April 17, 2018, which found Mr. Benedetti in contempt for failure to pay child support, we conclude that it is beyond the limited scope of this appeal and not properly before this Court. *See State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 10.

{¶11} Mr. Benedetti's first assignment of error is therefore overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRORED [sic] BY HOLDING THE APPELLANT IN CONTEMPT OF COURT BEFORE ISSUING A PROPER NUNC PRO TUNC ORDER THAT WOULD PERMIT THE APPELLANT TO FILE AN APPEAL CHALLENGING THE SUBSTANCE OF THE UNDERLYING DIVORCE DECREE.

{¶12} In his second assignment of error, Mr. Benedetti argues the trial court erred in finding him in contempt without issuing a final, appealable order. We disagree.

{¶13} Mr. Benedetti states that is was not until the April 14, 2015, decree of divorce that the trial court ordered him to pay child support in the amount of $442.26 per month for child support. He incorrectly states that this Court determined that the decree was not a final, appealable order on June 19, 2016. We surmise he is referring to the magistrate's order of May 19, 2016, which questioned whether we had jurisdiction to consider his previous appeal because it was unclear whether the order of the trial court complied with Civ.R. 75 in that the divorce decree did not appear to address spousal support. *Benedetti v. Benedetti*, 9th Dist. Summit No. 28239 (May 19, 2016). We therefore ordered appellant to file a response addressing the issue, noting that failure to comply would result in dismissal of the appeal. *Id*. On June 10, 2016, we

dismissed the appeal upon Mr. Benedetti's motion, without a responsive brief having been filed. On August 3, 2016, Mr. Benedetti filed a motion for judgment nunc pro tunc, asking the trial court for a judgment incorporating a finding regarding spousal support, and on January 20, 2017, the trial court issued its order on said motion.

{¶14} Mr. Benedetti now argues that neither the divorce decree, nor the January 20, 2017, order of the trial court constitute a final, appealable order. Mr. Benedetti contends that as a consequence, the child support ordered in the divorce decree was unenforceable, and that therefore that the order finding him in contempt was entered in error.

{¶15} Mr. Benedetti fails to provide any substantiation for his theory that a non-final or non-appealable order is "unenforceable" and cannot be the source of a contempt order. Moreover, it is axiomatic that a trial court has the capacity to enforce its non-final orders, whether they pertain to scheduling deadlines, discovery matters, or myriad other orders.

{¶16} Mr. Benedetti further argues that the divorce decree was void and unenforceable because it was ambiguous and confusing, citing to the trial court's having concluded:

> Based upon the events that occurred subsequent to trial, this parenting time is suspended until defendant completes the psychological assessment with Dr. Robin Tener as required by the order of October 14, 2015. Once this assessment is complete, defendant may file a motion to reinstate the parenting time order contemplated above if appropriate.

Mr. Benedetti contends "the order is uncertain as to what *is appropriate* or what he needs to do to restore his rights." (Emphasis sic.)

{¶17} Mr. Benedetti points us to *Brown v. Brown*, for the proposition that an ambiguous order may be "void for uncertainty and, therefore, not a final, appealable order." *Brown v. Brown*, 183 Ohio App.3d 384, 2009-Ohio-3589, ¶ 21 (4th Dist.). *Brown*, however, relied upon *NovaStar Mtge., Inc. v. Akins*, 11th Dist. Trumbull Nos. 2007-T-0111 and 2007-T-0117, 2008-

Ohio-6055, which was subsequently overruled by *Geauga Sav. Bank v. McGinnis*, 11th Dist. Trumbull Nos. 2010-T-0052 and 2010-T-0060, 2010-Ohio-6247, ¶ 18. *McGinnis* stated that the *NovaStar* Court had utilized improper nomenclature, and that the "judgment entry should have been deemed erroneous and voidable, but not 'void for uncertainty.'" *McGinnis* at ¶ 18. The Court went on to observe that "[t]he distinction between 'void' and 'voidable' is crucial" and that while "a void judgment is considered a legal nullity and may be attacked collaterally[,] * * * a voidable judgment, although imposed irregularly or erroneously, has the effect of a proper legal order unless it is successfully challenged on direct appeal." *Id*. "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, ¶ 13 (9th Dist.), quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12. Consequently, even if Mr. Benedetti were correct in his contention that the order was ambiguous or confusing, the result would not be a void judgment, but rather, a voidable judgment.

{¶18} Mr. Benedetti's second assignment of error is overruled.

III.

{¶19} Mr. Benedetti's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RHONDA KOTNIK, Attorney at Law, for Appellant.

DARREN W. DEHAVEN, Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN GUEST, Assistant Prosecuting Attorney, for Appellee.