[Cite as *State v. Lee*, 2013-Ohio-1811.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-120307
                                                   TRIAL NO. B-0410010
    Plaintiff-Appellee,             :

 vs.                                    :          *O P I N I O N.*

EUGENE W. LEE,                          :

    Defendant-Appellant.            :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  May 3, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Eugene W. Lee,* pro se.


Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge**.

{¶1}	Defendant-appellant Eugene W. Lee appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Set Aside Sentence Pursuant to R.C. 2941.25." We affirm the court's judgment as modified. But we remand this case to the common pleas court for the proper imposition of postrelease control.

{¶2}	Lee was convicted in 2005 upon guilty pleas to aggravated vehicular homicide, vehicular assault, failing to stop after an accident, and failing to comply with the order or signal of a police officer. We affirmed his convictions on appeal. *State v. Lee*, 1st Dist. No. C-050256 (Apr. 5, 2006).

{¶3}	In March 2012, Lee filed his "Motion to Set Aside Sentence Pursuant to R.C. 2941.25." In his motion, he contended that because his offenses are allied offenses of similar import committed with the same conduct, the trial court could not, consistent with R.C. 2941.25, have imposed a sentence for each offense to which he had pled. In this appeal from the overruling of that motion, Lee advances five assignments of error.

{¶4}	*The common pleas court had no jurisdiction to grant allied-offenses claim.* We address first Lee's fourth and fifth assignments of error, challenging the common pleas court's denial of, and its failure to conduct an evidentiary hearing on, the allied-offenses claim advanced in Lee's motion. These challenges are untenable.

{¶5}	Lee did not specify in his motion the statute or rule under which he sought postconviction relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a

collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the motion was reviewable as a postconviction petition under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6} But Lee filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction petition: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶7} The record before us does not, as it could not, demonstrate that but for the claimed sentencing error, no reasonable factfinder would have found Lee guilty of the offenses of which he was convicted. Thus, because Lee satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes neither conferred upon the common pleas court jurisdiction to entertain Lee's postconviction motion, nor imposed upon the court an obligation to conduct an evidentiary hearing on the motion. *See* R.C. 2953.21(C), 2953.21(E), and 2953.21(G); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶8}   A court nevertheless has jurisdiction to correct a void judgment.  *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.   But the Ohio Supreme Court has not held that the imposition of a sentence in violation of R.C. 2941.25 renders a judgment of conviction void.  *Compare State v. Moore*, ____ Ohio St.3d ____, 2012-Ohio-5479, ____N.E.2d ____, syllabus (holding that, in the absence of an affidavit of indigency, a sentence is void to the extent that it does not include the fine mandated by R.C. 2925.11[E][1][a] and 2929.18[B][1]); *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (holding that a sentence is void to the extent that it does not include a mandatory driver's license suspension); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (holding that a sentence is void to the extent that it was imposed without proper postrelease-control notification).

{¶9}   We, therefore, hold that the common pleas court properly denied Lee a hearing on, and the relief sought in, his postconviction motion.  Accordingly, we overrule the fourth and fifth assignments of error.

{¶10}   *The appeals court had no jurisdiction to review alleged sentencing and appeal-right-notification errors.*   In his first and third assignments of error, Lee claims that the trial court erred in failing to consider the relevant sentencing factors and in failing to advise him concerning his right to appeal.  We do not reach the merits of these challenges.

{¶11}   This court has jurisdiction to review only the judgment from which Lee appeals.  In that judgment, the common pleas court overruled Lee's motion in which he advanced only his allied-offenses claim.  The court did not rule upon, because Lee had

not asserted in his motion, challenges to the court's consideration of the sentencing factors or the notification provided concerning the right to appeal. Lee's failure to present these challenges as grounds for relief in his motion precludes this court from reviewing them in this appeal from the judgment overruling the motion. *See State v. Gipson*, 1st Dist. Nos. C-960867 and C-960881, 1997 Ohio App. LEXIS 4404 (Sept. 26, 1997). And neither claim, even if demonstrated, would have rendered Lee's convictions void.

{¶12} We are, therefore, precluded from reviewing the claims in this appeal from the judgment overruling the motion. Accordingly, we overrule the first and third assignments of error.

{¶13} *The sentences were void and subject to correction to the extent postrelease-control notification was inadequate.* Finally, in his second assignment of error, Lee asserted that his sentences were void to the extent that he had not been adequately notified concerning postrelease control. We agree.

{¶14} The postrelease-control statutes in effect in 2005, when Lee was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14[D], 2929.19[B][2][c] through [e], and 2967.28[B] and [C]); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v.*

*Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965, ¶ 10-11.

{¶15} The postrelease-control notification provided at sentencing complied with the statutory mandate. But the incorporation of postrelease-control notification in the judgment of conviction is what empowers the adult parole authority to impose postrelease control. *Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000). The notification incorporated in Lee's judgment of conviction simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28." It did not, as required by the postrelease-control statutes and the supreme court's postrelease-control decisions, notify Lee, with respect to each offense, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, or of the length of confinement that could be imposed for a postrelease-control violation. *See, e.g., State v. Duncan,* 1st Dist. No. C-120324, 2013-Ohio-381; *State v. Bevins*, 1st Dist. No. C-120345, 2013-Ohio-156; *State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965.

{¶16} As with his sentencing and appeal-right-notification claims, Lee did not raise his postrelease-control claim in his postconviction motion. But to the extent that postrelease control is not properly imposed, the sentence is void, and the offending portion of the sentence is subject to review and correction at any time, whether in the direct appeal or in a collateral proceeding. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. *Accord Smith* at ¶ 19.

{¶17}  Thus, Lee's sentences are void to the extent they were not imposed in conformity with the statutory mandates concerning postrelease control.  And because he has, in this appeal, brought the matter to our attention, the offending portions of his sentences are subject to correction.  We, therefore, sustain Lee's second assignment of error.

{¶18}  *We affirm, but remand for resentencing*.  We hold that Lee's "Motion to Set Aside Sentence Pursuant to R.C. 2941.25" was subject to dismissal without an evidentiary hearing, because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits.  Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion.  And we affirm the judgment as modified.

{¶19}  But Lee's sentences are void to the extent that he was not adequately notified concerning postrelease control.  We, therefore, remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment accordingly.

HILDEBRANDT, P.J., concurs.
CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶20}  I concur with the majority's holding that Lee's sentences are void, and thus subject to correction, to the extent that he was not adequately notified concerning postrelease control.  I also concur in its holding that this court lacks

jurisdiction to review on the merits those claims that Lee did not present in his postconviction motion.

{¶21} With respect to the allied-offenses claim advanced in Lee's motion, I concur in the majority's judgment affirming the denial of the relief sought. I concur in its holding, in support of that judgment, that the postconviction statutes neither conferred jurisdiction to entertain the claim nor imposed an obligation to conduct a hearing. But I respectfully dissent from its holding that the common pleas court had no jurisdiction to entertain the claim because a sentence imposed in violation of R.C. 2941.25 is not void.

{¶22} The Ohio Supreme Court has long recognized, and continues to "reaffirm[]" the "vital principle" that "[n]o court has the authority to impose a sentence that is contrary to law." And it has "consistently" held that a sentence imposed without statutory authority is "void.*" Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 8 and 23 (citing *Colgrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 [1964]). *Accord Moore*, ____ Ohio St.3d ____, 2012-Ohio-5479, ____ N.E.2d ____, at ¶ 14; *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, at ¶ 7 and 15.

{¶23} That principle, announced in its 1964 decision in *Colegrove v. Burns*, led the court in that case to hold that a jail sentence imposed for a probation violation was void because it was not authorized by statute. The court then followed *Colgrove* in 1984 to hold that a sentence is void if it does not include a statutorily mandated prison term, *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), and in 2004 to hold that a sentence is void to the extent that the offender was not

adequately notified concerning postrelease control. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864.

{¶24} In 2010, the court in *Fischer* held that a sentence that is void for inadequate postrelease-control notification "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus. The court in *Fischer* proposed to "limit[]" its holding "to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Id.* at ¶ 31. Nevertheless, in 2012, the court held that a sentence is void, and thus subject to correction at any time, if it does not include a statutorily mandated driver's license suspension, *Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, at paragraph one of the syllabus, or a statutorily mandated fine. *Moore*, ___ Ohio St.3d ___, 2012-Ohio-5479, ___ N.E.2d ___, at syllabus.

{¶25} Moreover, on the authority of *Colgrove* and its progeny, this court has held void, and thus subject to correction at any time, a sentence that excluded a statutorily mandated fine, *State v. Fields*, 183 Ohio App.3d 647, 2009-Ohio-4187, 918 N.E.2d 204, ¶ 10 (1st Dist.), sentences that fell outside the statutory range, *State v. Harmon*, 1st Dist. No. C-070585, 2008-Ohio-4378; *State v. Washington*, 1st Dist. No. C-050462, 2006-Ohio-4790; *State v. Tenhundfeld*, 1st Dist. No. C-850661, 1986 Ohio App. LEXIS 6471 (Apr. 23, 1986), and sentences that, without statutory authority, imposed a lifetime driver's license suspension, *State v. Purdy*, 1st Dist. No. C-010206, 2001 Ohio App. LEXIS 5036 (Nov. 9, 2001), community service, *Cincinnati v. Howard*, 179 Ohio App.3d 60, 2008-Ohio-5502, 900 N.E.2d 689 (1st

Dist.), home incarceration, *State v. Krebs*, 1st Dist. No. C-910135, 1991 Ohio App. LEXIS 5535 (Nov. 20, 1991), driving privileges, *State v. Ussery*, 1st Dist. No. C-860108, 1987 Ohio App. LEXIS 5985 (Mar. 4, 1987), restitution, *State v. Bybee*, 134 Ohio App.3d 395, 731 N.E.2d 232 (1st Dist.1999), a driver's intervention program, *State v. Paulo*, 1st Dist. No. C-050725, 2006-Ohio-4035, alcohol treatment, *State v. Johnson*, 1st Dist. No. C-840263, 1985 Ohio App. LEXIS 5429 (Jan. 9, 1985), and an indefinite sentence. *State v. Key*, 1st Dist. Nos. C-930205 and C-930206, 1994 Ohio App. LEXIS 317 (Feb. 2, 1994).

{¶26} Other appellate districts have also followed *Colgrove* and its progeny to vacate as void, and to remand for resentencing, sentences that were not authorized by statute. *See, e.g., State v. Ford*, 9th Dist. No. 24286, 2009-Ohio-3864 (unauthorized suspended sentence); *State v. Kendrick*, 180 Ohio App.3d 662, 2009-Ohio-380, 906 N.E.2d 1174 (4th Dist.) (unauthorized lifetime suspension of hunting and fishing license); *State v. Lisboa*, 8th Dist. No. 89283, 2008-Ohio-571 (unauthorized term of community control); *State v. Ehlert*, 11th Dist. No. 2007-P-0032, 2008-Ohio-529 (unauthorized sanctions for minor misdemeanor).

{¶27} In his postconviction motion, Lee contended that the trial court could not, consistent with R.C. 2941.25, have imposed separate sentences for his offenses, because his offenses were committed with the same conduct. R.C. 2941.25 authorizes a trial court to impose separate sentences for two or more offenses, having as their genesis the same criminal conduct or transaction, only if the offenses (1) are not allied offenses of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N.E.2d 892 (1984). Under the analysis adopted by the supreme court

in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, a court acts outside the authority conferred by R.C. 2941.25 when it imposes separate sentences despite a clear demonstration on the record that "the state relied upon the same conduct to support the * * * offenses[,] and that the offenses were committed neither separately nor with a separate animus as to each." *State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-3143, 958 N.E.2d 977, ¶ 78 (1st Dist.) (citing *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 49 and 51).

{¶28} The duty imposed upon a sentencing court under R.C. 2941.25 to merge allied offenses is "mandatory, not discretionary." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. Because a court has no authority to impose a sentence contrary to that mandated by R.C. 2941.25, sentences imposed in contravention of the statute are unauthorized and thus void.

{¶29} A void sentence is not barred under the doctrine of res judicata and is subject to review and correction at any time. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus. Therefore, when a trial court has imposed sentences in violation of R.C. 2941.25, and the matter has come to a court's attention, the sentence is void and is subject to review and correction, regardless of the case's procedural posture. *See State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12. *Accord State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 17-20 (9th Dist.); *State v. Long*, 1st Dist. No. C-100285, 2010-Ohio-6115, ¶ 5.

{¶30} Because a sentence imposed in violation of R.C. 2941.25 is void, I would hold that the common pleas court had jurisdiction to entertain Lee's allied-offenses challenge to his sentences. But I would affirm the denial of relief on the

ground that R.C. 2941.25 authorized the trial court to sentence Lee for each offense, when the record, including the indictment, the bill of particulars, and the assistant prosecuting attorney's statement of the facts, shows that the aggravated vehicular homicide and vehicular assault involved separate victims, and that those offenses and the failure-to-stop and failure-to-comply offenses involved temporally separate acts.

{¶31} A holding that a sentence imposed in violation of R.C. 2941.25 is void would conflict with the decisions of the Second Appellate District in *State v. Parson*, 2d Dist. No. 24641, 2012-Ohio-730, ¶ 9, the Fourth Appellate District in *State v. Miller*, 4th Dist. No. 11CA14, 2012-Ohio-1922, ¶ 6, the Sixth Appellate District in *State v. Guevara*, 6th Dist. No. L-12-1218, 2013-Ohio-728, ¶ 8, the Seventh Appellate District in *State v. Moore*, 7th Dist. No. 12 MA 91, 2013-Ohio-1431, ¶ 14-15, the Eighth Appellate District in *State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930, ¶ 5, the Ninth Appellate District in *State v. Johnson*, 9th Dist. No. 26167, 2012-Ohio-4251, ¶ 6, the Tenth Appellate District in *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 12, and the Eleventh Appellate District in *State v. Britta*, 11th Dist. No. 2011-L-041, 2011-Ohio-6096, ¶ 15-16. Therefore, I would, upon the authority conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?"

Please note:

The court has recorded its own entry on the date of the release of this opinion.