[Cite as *State v. Martin*, 2013-Ohio-1966.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120481 |
|  |  | C-120525 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0704444 |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| BEAUFORD E. MARTIN, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in C-120525;
                                                Affirmed as Modified in C-120481

Date of Judgment Entry on Appeal:  May 15, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Beauford E. Martin,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**HILDEBRANDT, Judge**.

{¶1}    Defendant-appellant Beauford E. Martin appeals from the Hamilton County Common Pleas Court's judgments overruling his "Motion to Correct Sentence" and his Crim.R. 32.1 motion to withdraw his guilty pleas. We affirm the court's judgments.

{¶2}    Martin was convicted in 2008 upon guilty pleas to two counts of nonsupport of dependents and was sentenced to community control. He took no direct appeal from his convictions.

{¶3}    In 2011, he was found guilty of violating his community control and was sentenced to an agreed term of confinement totaling 36 months. He did not appeal his community-control-violation convictions.

{¶4}    Instead, in 2011, he challenged his nonsupport convictions in his "Motion to Correct Sentence," and in 2012, he moved under Crim.R. 32.1 to withdraw his guilty pleas. In his motions, he contended that because his offenses are allied offenses of similar import committed with the same conduct, the trial court could not, consistent with R.C. 2941.25, have imposed a sentence for each offense to which he had pled. In this appeal from the overruling of his motions, Martin advances three assignments of error.

{¶5}    *No jurisdiction to grant allied-offenses claim.* In his first and second assignments of error, Martin challenges the denial of the relief sought in his "Motion to Correct Sentence." We find no merit to this challenge.

{¶6}    Martin did not specify in his motion the statute or rule under which he sought postconviction relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a

collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Martin's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶7}   But Martin filed his postconviction motion more than three years after his nonsupport convictions and thus well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last postconviction claim; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶8}   The record before us does not, as it could not, demonstrate that but for the claimed sentencing error, no reasonable factfinder would have found Martin guilty of the offenses of which he was convicted. Thus, because Martin satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Martin's postconviction motion. *See* R.C. 2953.23(A).

{¶9}   A court nevertheless has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d

263, ¶ 18-19. But the Ohio Supreme Court has not held that the imposition of a sentence in violation of R.C. 2941.25 renders a judgment of conviction void. *See State v. Lee*, 1st Dist. No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶10} We, therefore, hold that the common pleas court properly denied the relief sought in Martin's postconviction motion. Accordingly, we overrule the first and second assignments of error.

{¶11} *No abuse of discretion in overruling Crim.R. 32.1 motion.* In his third assignment of error, Martin challenges the overruling of his Crim.R. 32.1 motion to withdraw his guilty pleas. This challenge is untenable.

{¶12} Martin sought by his motion to withdraw his pleas to the nonsupport charges on the ground that the pleas were the unknowing and unintelligent product of his trial counsel's ineffectiveness in failing to advise him that the court could not, consistent with R.C. 2941.25, sentence him for both offenses. On his motion, Martin bore the burden of demonstrating that the withdrawal of his pleas was necessary to correct a "manifest injustice." *See* Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶13} But we do not have before us a transcript of the proceedings at the plea hearing, because Martin did not appeal his nonsupport convictions, and because he did not request that a transcript be prepared for the common pleas court's decision on his Crim.R. 32.1 motion. Implicit in the court's decision overruling the motion was the court's determination that withdrawing the pleas was not necessary to correct a manifest injustice. That determination, in the absence of a transcript of the plea hearing, cannot be said to have been arbitrary, unconscionable, or the product of an unsound reasoning process. Thus, we cannot say that the court abused its discretion

in overruling the motion. *See Smith*, paragraph two of the syllabus (holding that a ruling on a postsentence motion to withdraw a plea may be reversed on appeal only upon an abuse of discretion); *see also State v. Hill*, 12 Ohio St.2d 88, 232 N.E.2d 394 (1967), paragraph two of the syllabus (holding that an abuse of discretion is more than an error of law or judgment, but rather implies that the court's attitude was unreasonable, arbitrary, or unconscionable); *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14 (defining an "unreasonable" decision as one that lacks a sound reasoning process). We, therefore, overrule the third assignment of error.

{¶14} *We affirm.* Because the common pleas court did not abuse its discretion in overruling Martin's Crim.R. 32.1 motion, we affirm the judgment appealed in the case numbered C-120525.

{¶15} Because the common pleas court had no jurisdiction to entertain Martin's "Motion to Correct Sentence" on its merits, the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed in the case numbered C-120481 to reflect the dismissal of the motion. And we affirm the judgment as modified.

Judgment accordingly.

HENDON, P.J., concurs.
CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶16} I concur in the majority's judgment affirming the overruling of Martin's Crim.R. 32.1 motion to withdraw his guilty pleas. I also concur in its holding that the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Martin's "Motion to Correct Sentence."

{¶17} But I respectfully dissent from its determination that the court lacked jurisdiction to entertain his allied-offenses claim because a sentence imposed in violation of R.C. 2941.25 is not void. For the reasons set forth in my concurring and dissenting opinion in *State v. Lee*, 1st Dist. No. C-120307, 2013-Ohio-1811, ¶ 21-30, I would instead hold that the common pleas court had jurisdiction to entertain the claim because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time. But I would ultimately affirm the denial of the relief sought, because R.C. 2941.25 authorized the trial court to sentence Martin for each offense, when the indictment shows that each offense involved a different victim.

{¶18} And based on the conflict noted in *Lee*, I would, upon the authority conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.

Please note:

The court has recorded its entry on the date of the release of this opinion.