[Cite as *State v. Thomas*, 2013-Ohio-3422.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120836 |
| | | TRIAL NO. B-0905981 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MAURICE THOMAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  August 7, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Maurice Thomas,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1} Defendant-appellant Maurice Thomas appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct an Illegal Sentence." We affirm the court's judgment as modified.

{¶2} Thomas was convicted in 2009 upon guilty pleas to aggravated robbery in violation of R.C. 2911.01(A)(1) and felonious assault in violation of R.C. 2903.11(A)(2). He took no direct appeal from his convictions, but instead unsuccessfully mounted collateral challenges to his convictions in a postconviction petition filed in 2010 and in his "Motion to Correct an Illegal Sentence," filed in 2012.

{¶3} In his 2012 motion, Thomas argued that the trial court could not, consistent with R.C. 2941.25, have sentenced him for both aggravated robbery and felonious assault, because the offenses were allied offenses of similar import committed with the same conduct. In this appeal, Thomas advances a single assignment of error challenging the overruling of his motion. We find no merit to this challenge.

{¶4} Thomas did not specify in his motion the statute or rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Thomas's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶5} But Thomas filed his postconviction motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last postconviction claim; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶6} The record before us does not, as it could not, demonstrate that, but for the claimed sentencing error, no reasonable factfinder would have found Thomas guilty of the offenses of which he was convicted. Because Thomas satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Thomas's postconviction motion. *See* R.C. 2953.23(A).

{¶7} A court nevertheless has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the Ohio Supreme Court has not held that the imposition of a sentence in violation of R.C. 2941.25 renders a judgment of conviction void. *See State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶8} Upon our determination that the common pleas court properly denied Thomas the relief sought in his postconviction motion, we overrule the assignment of error. Because the court had no jurisdiction to entertain Thomas's motion on its

merits, the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment from which Thomas has appealed to reflect the dismissal of the motion. And we affirm the judgment as modified.

Affirmed as modified.

FISCHER, J., concurs.
CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶9} I concur in the majority's holding that the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Thomas's "Motion to Correct an Illegal Sentence." But I respectfully dissent from the majority's conclusion that the court had no jurisdiction to entertain his allied-offenses claim. For the reasons set forth in my concurring and dissenting opinion in *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 21-30, I would instead hold that the court had jurisdiction to entertain the claim because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time. But I would ultimately affirm the denial of the relief sought, because R.C. 2941.25 authorized the trial court to impose a sentence for each offense, when the record supports a determination that each offense had been committed with a separate animus.

{¶10} And based on the conflict noted in *Lee*, I would, upon the authority conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.

Please note:
    The court has recorded its entry on the date of the release of this opinion.

4