[Cite as *State v. Hayes*, 2014-Ohio-1263.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                              :          APPEAL NO. C-130450
                                                      TRIAL NO. B-0602216
     Plaintiff-Appellee,              :

     vs.                              :
                                                      *O P I N I O N.*
ANTHONY HAYES,                             :

     Defendant-Appellant.             :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 28, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Anthony Hayes,* pro se.


**Please note: we have removed this case from the accelerated calendar.**

**HILDEBRANT, Judge**.

{¶1}    Defendant-appellant Anthony Hayes appeals from the Hamilton County Common Pleas Court's judgment dismissing his postconviction motions challenging the legality of his sentences and his trial counsel's effectiveness. We affirm the court's judgment.

{¶2}    In 2007, for his part in the February 1, 2006 armed robbery of April Gill, Hayes was convicted upon guilty pleas to aggravated robbery, robbery, and having weapons under a disability. And for his part in the February 17, 2006 armed robbery and restraint of Candece Pugh and her three children, Hayes was convicted upon guilty pleas to aggravated robbery, robbery, four counts of kidnapping, and two counts of having weapons under a disability. He unsuccessfully challenged his convictions in appeals to this court and the Ohio Supreme Court, *see State v. Hayes*, 1st Dist. Hamilton No. C-070063 (Aug. 6, 2008), *appeal not accepted*, 120 Ohio St.3d 1489, 2009-Ohio-278, 900 N.E.2d 199, and in postconviction motions filed between 2007 and 2012. *See State v. Hayes*, 1st Dist. Hamilton No. C-080377 (Feb. 25, 2009); *State v. Hayes*, 1st Dist. Hamilton No. C-100349 (Oct. 8, 2010); *State v. Hayes*, 1st Dist. Hamilton No. C-110429 (Feb. 10, 2012).

{¶3}    In this appeal, Hayes presents two assignments of error, challenging the dismissal of his April 2012 "Motion to Set Aside and Vacate Sentence," May 4, 2012 "Motion to Correct Void Judgment or in the Alternative * * * Set Aside Guilty Plea," and May 29, 2012 "Motion to Vacate and Correct Sentences." We overrule the assignments of error upon our determination that the common pleas court had no jurisdiction to entertain the motions.

{¶4}    In his motions, Hayes challenged his trial counsel's effectiveness in negotiating and counseling his guilty pleas and the trial court's failure, in sentencing

him for allied offenses, to afford him the protections of R.C. 2941.25. But Hayes did not designate in his motions a statute or rule under which he might be afforded relief. R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Thus, Hayes's motions were reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶5} But the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain the motions on their merits, because the motions did not satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23(A)(1). And while a court always has jurisdiction to correct a void judgment, *see State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, neither Hayes's ineffective-counsel claim nor his allied-offenses claims, even if demonstrated, would have rendered his convictions void. *See State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶6} Accordingly, we overrule the assignments of error and affirm the judgment of the court below.

Judgment affirmed.

**DINKELACKER, J.,** concurs.
**CUNNINGHAM, P.J.,** concurs in part and dissents in part.

**CUNNINGHAM, P.J.,** concurring in part and dissenting in part.

{¶7} I concur with the majority's holding that the common pleas court had no jurisdiction under the postconviction statutes to entertain Hayes's motions, and that Hayes's ineffective-counsel claim would not, if demonstrated, render his

convictions void. But for the reasons set forth in my concurring and dissenting opinions in *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 21-30, and *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 20-28, I would hold that the court had jurisdiction to entertain Hayes's allied-offenses claims, because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time. And based upon the conflict noted in *Lee*, I would, under the authority of the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.

Please note:

The court has recorded its entry on the date of the release of this opinion.