[Cite as *State v. Wallace*, 2018-Ohio-1129.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160788<br>TRIAL NO. B-0403268B |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROY WALLACE, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  March 28, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Roy Wallace*, pro se.

Per Curiam.

{¶1} Petitioner-appellant Roy Wallace appeals the Hamilton County Common Pleas Court's judgments overruling his "Motion to File Delayed Postconviction Petition" and "Motion for Resentencing Based on Void Judgment." We affirm the court's judgments, but remand for the proper imposition of postrelease control.

{¶2} Wallace was convicted in 2005 of murder and aggravated robbery. He unsuccessfully challenged his convictions on direct appeal, *State v. Wallace*, 1st Dist. Hamilton Nos. C-050266 and C-050281 (May 31, 2006), *delayed appeal denied*, 111 Ohio St.3d 1430, 2006-Ohio-5351, 855 N.E.2d 495, and in a series of postconviction motions filed with the common pleas court beginning in 2006. *See State v. Wallace*, 1st Dist. Hamilton No. C-090272 (May 26, 2010).

{¶3} In his "Motion to File Delayed Postconviction Petition" and "Motion for Resentencing Based on Void Judgment," filed with the common pleas court in 2014, Wallace sought resentencing on a number of grounds. Relevant to this appeal are his postconviction claims that the trial court had failed to adequately notify him concerning postrelease control, that his murder and aggravated-robbery offenses had been subject to merger under R.C. 2941.25, and that his trial counsel had been constitutionally ineffective with respect to those matters. In this appeal from the overruling of those motions, Wallace advances two assignments of error that, read together, challenge the common pleas court's denial of relief on those grounds.

{¶4} *No jurisdiction to entertain merger and ineffective-counsel claims.* In his "Motion to File Delayed Postconviction Petition," Wallace sought relief under R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. In his "Motion for Resentencing Based on Void Judgment," he did not specify a statute or rule under which the relief sought might have been afforded, leaving the common pleas court free to "recast" the motion "into whatever

category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus. The postconviction statutes permit relief from a conviction based upon a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). And Wallace's merger and ineffective-counsel claims implicated the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Thus, those claims, as advanced in both motions, were reviewable by the common pleas court under the standards provided by the postconviction statutes. *See Schlee* at ¶ 12.

{¶5} But Wallace filed his motions well after the time prescribed by R.C. 2953.21(A)(2) had expired. And he failed to satisfy the jurisdictional requirements for entertaining his late postconviction merger and ineffective-counsel claims, when the record does not, as it could not, demonstrate that, but for the claimed constitutional violations, "no reasonable factfinder would have found [him] guilty of the offense[s] of which [he] was convicted." R.C. 2953.23(A)(1)(b). Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Wallace's merger and ineffective-counsel claims.

{¶6} Nor were Wallace's convictions subject to correction on those grounds under the jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. Neither the alleged merger error nor trial counsel's alleged ineffectiveness, even if demonstrated, would have rendered Wallace's sentences void. *See State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26 (holding that the failure to merge offenses will render the sentences void only if the trial court found that R.C. 2941.25 mandated merger); *State v. Hayes*, 1st Dist. Hamilton No. C-130450, 2014-Ohio-1263, ¶ 5 (holding that ineffective assistance of counsel does not render a conviction void).

{¶7} *Jurisdiction to correct inadequate postrelease-control notification.* The challenge advanced in Wallace's motions to postrelease-control notification was not reviewable under the standards provided by the postconviction statutes, because the claim sought relief based on an alleged statutory, rather than constitutional, violation. *See* R.C. 2953.21(A)(1); *Powell* at 264. Nor could relief based upon Wallace's postrelease-control claim have been afforded under any other postconviction procedure provided by statute or the criminal rules. *See State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 8-9. But the common pleas court had jurisdiction to correct Wallace's aggravated-robbery sentence, because that sentence was void to the extent that he was not adequately notified concerning postrelease control. *See Cruzado* at ¶ 18-19.

{¶8} In sentencing Wallace in 2005 for murder, the trial court was not required to notify him concerning postrelease control, because the postrelease-control statutes did not then (as they do not now) authorize postrelease control for the special felony of murder. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *accord State v. Baker*, 1st Dist. Hamilton No. C-050791, 2006-Ohio-4902, ¶ 4-6. In sentencing him for the first-degree felony of aggravated robbery, the trial court was required to provide at the sentencing hearing, and to incorporate into the judgment of conviction, notice that Wallace would be subject to a mandatory five-year term of postrelease-control supervision, and that the Adult Parole Authority ("APA") "would administer the postrelease control pursuant to R.C. 2967.28, including subjecting him to consequences up to and including prison time for violating postrelease control." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 25. *See* former R.C. 2929.19(B)(3)(c) and (e) and 2967.28(B)(1), superseded in 2011 by R.C. 2929.19(B)(2)(c) and (e) and 2967.28(B).

{¶9} The trial court instead misadvised Wallace concerning the duration and mandatory nature of postrelease control by stating that "[o]nce you serve the

sentence which I am imposing [for aggravated robbery], you *could* then be under * * * [APA] postrelease control supervision * * * for *up to five years.*" (Emphasis added.) The court went on to accurately advise Wallace concerning the consequences of violating postrelease control. And the court corrected its mischaracterization of postrelease control as discretionary, by stating that "because * * * aggravated robbery [is] a felony of the first degree, post-release control supervision would be *mandatory* * * *." (Emphasis added.) But the court did not correct its misstatement concerning the duration of postrelease control. And the postrelease-control notification incorporated into the judgment of conviction did not specify the duration or the mandatory nature of the postrelease-control supervision, but simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision and was advised of post release [sic] control supervision penalties of R.C. 2967.28."

{¶10} The postrelease-control notification provided to Wallace at the sentencing hearing, that he was subject to postrelease-control supervision for "*up to five years,*" did not adequately inform him that postrelease control was for a mandatory five-year period. *See Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 2; *State v. Arszman,* 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727, ¶ 6. And the language in the judgment of conviction stating that Wallace was "subject to the post release [sic] control supervision * * * of R.C. 2967.28" was inadequate to inform him of the duration or mandatory nature of postrelease control. *See State v. Duncan,* 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 11.

{¶11} When postrelease control is not properly imposed, that portion of the sentence is void, and the offending portion of the sentence is subject to review and correction at any time, whether on direct appeal or upon a collateral challenge. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of

the syllabus and ¶ 27. The postrelease-control portion of Wallace's aggravated-robbery sentence is void to the extent it was not imposed in conformity with the statutory mandates concerning postrelease control. And because his motions brought the matter to the common pleas court's attention, the court had jurisdiction to review and correct the offending portions of that sentence.

{¶12} *We affirm, but remand for correction of postrelease control.* We, therefore, hold that Wallace's "Motion to File Delayed Postconviction Petition" and "Motion for Resentencing Based on Void Judgment" were subject to dismissal because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motions on their merits. Accordingly, we overrule the assignments of error, and upon the authority of App.R. 12(A)(1)(a), we modify the judgments appealed from to reflect a dismissal of the motions. And we affirm the judgments as modified.

{¶13} But Wallace's aggravated-robbery sentence is void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portions of that sentence in accordance with the law and this opinion.

Judgment accordingly.

MYERS, P.J., MILLER and DETERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.